**UNITED STATES, Plaintiff,**

v.

**Jeffrey R. CROSBY, Defendant.**

**Crim. No. 89–35E.**

United States District Court,
W.D. Pennsylvania.

April 19, 1991.

Ernest J. DiSantis, Jr., Asst. U.S. Atty., Erie, Pa., for U.S., plaintiff.

Michael Bartko, Asst. Federal Public Defender, Pittsburgh, Pa., for Jeffrey R. Crosby, defendant.

## MEMORANDUM ORDER

COHILL, Chief Judge.

Presently before the Court is defendant Jeffrey R. Crosby's Motion to Modify Sentence Pursuant to Title 18, U.S.C. § 3582(c)(2). A jury convicted Mr. Crosby of escape from a work camp outside the fence, but part of, the Federal Correctional Institution at McKean, Pennsylvania. On August 2, 1990, this Court sentenced him to a term of 37 months imprisonment. For the following reasons, we will grant defendant's request for a modification of sentence.

At the time of sentence, § 2P1.1(a)(1) of the United States Sentencing Guidelines ("Guidelines") called for a base offense level of 13 for the offense of escape from a federal penal institution. We granted the defendant a 2–point reduction in offense level for acceptance of responsibility, yielding a total offense level of 11, which combined with a criminal history category of VI, called for a sentence of 27–33 months. For reasons stated on the record at the time of sentencing, this Court departed upward to the next highest category, 30–37 months, and imposed a sentence of 37 months.

Several months after imposition of the sentence, § 2P1.1 of the Guidelines was amended. The following new language is relevant to this case:

> If the defendant escaped from the non-secure custody of a community corrections center, community treatment center, "halfway house," or similar facility, ... decrease the offense level under subsection (a)(1) by 4 levels....

Guidelines § 2P1.1(b)(3).

It is undisputed that the part of the McKean facility from which the defendant escaped is non-secure.

The portion of the Guidelines dealing with retroactivity states in pertinent part:

> *Retroactivity of Guideline Range* (Policy Statement)
>
> (a) Where a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the guidelines listed in subsection (d) below, a reduction in the defendant's term of imprisonment may be considered under 18 U.S.C. § 3582(c)(2)....
>
> (b) In determining whether a reduction in sentence is warranted for a defendant eligible for consideration under 18 U.S.C. § 3582(c)(2), the court should consider the sentence that it would have originally imposed had the guidelines, *as amended,* been in effect at that time....

Guidelines § 1B1.10 (emphasis in original).

The amendment at issue here was one of the ones listed in subsection (d). Defendant asks that we impose a lower sentence pursuant to 18 U.S.C. § 3582(c)(2), which states:

> (c) **Modification of an imposed term of imprisonment.—** The court may not modify a term of imprisonment once it has been imposed except that—
>> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the

Sentencing Commission pursuant to 28 U.S.C. 994(*o*), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

It is clear from the above recitation of authorities that this Court may modify Mr. Crosby's sentence in this case "after considering the factors set forth in section 3553(a)." 18 U.S.C. § 3582(c)(2). That section states:

(a) **Factors to be considered in imposing a sentence.**— The Court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defen-dant as set forth in the guidelines that are issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)(1) and that are in effect on the date the defendant is sentenced;

(5) any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)(2) that is in effect on the date the defendant is sentenced;

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

The government opposes a reduction in sentence for two reasons. The first is that "Section 3553(a)(4) . . . states in relevant part that the kind of sentence to be imposed and the sentencing range to be applied are those '. . . in effect on the date the defendant is sentenced.'" Government Response at 2. We disagree with the government's characterization of § 3553(a)(4). As cited above, § 3582(c)(2) authorizes a modification of sentence when the applicable Guidelines range has been lowered subsequent to sentencing. The Court may so modify a sentence "after considering the factors set forth in section 3553(a). . . ." Thus, it is clear that the language cited by the government is not a flat ban on retroactive application of a Guidelines modification, but is merely one factor to be considered in deciding whether to make a modification.

The government's second reason for opposing a reduction is stated as follows: "Reading Section 2P1.1(b)(3) it is clear that there is no section warranting retroactive applicability to the defendant's current sentence." Government Response at 2. While it is true that no language in § 2P1.1(b)(3) itself speaks to retroactive application, § 1B1.10 *does* specifically authorize retroactive application of this amendment.

Upon consideration of the factors listed in § 3553(a), we find that a modification of sentence is warranted in this instance. Particularly relevant is the statute's directive that "[t]he court shall impose a sentence sufficient, but not greater than

necessary, to comply with the purposes set forth in paragraph (2) of this subsection." 18 U.S.C. § 3553(a). One purpose listed in paragraph (2) is "the need for the sentence imposed to reflect the seriousness of the offense...." The Sentencing Commission has determined that escape from a non-secure facility warrants a lesser sentence than escape from a secure facility, and the Commission has specifically authorized retroactive application of this amendment. We agree with the Commission's determination and will abide by it in this case.

The Court finds that the base offense level is 13 according to Guidelines § 2P1.1(a). Pursuant to § 2P1.1(b)(3), this figure is reduced 4 levels to a base offense level of 9. As we did at sentencing, we will apply a 2–level reduction for acceptance of responsibility for a total offense level of 7. The range for a criminal history category of VI and a total offense level of 7 is 15–21 months. However, we will retain the upward departure from the applicable Guidelines range for the reasons given at sentencing. We therefore refer to the next highest Guidelines range, which is 18–24 months. As we did at sentencing, we will choose the top of that range and impose a sentence of 24 months. Except for this reduction in the term of imprisonment, the sentence imposed August 2, 1990 shall remain the same.

AND NOW, to-wit, this 19th day of April, 1990, for the foregoing reasons, it is ORDERED, ADJUDGED, and DECREED that defendant Jeffrey R. Crosby's sentence in this action, originally imposed August 2, 1990, be and hereby is MODIFIED only as to the term of imprisonment as follows:

Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, Jeffrey R. Crosby, is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 24 months.

The term of imprisonment imposed by this judgment shall run consecutively to the term of imprisonment imposed by the United States District Court for the Southern District of Mississippi at Docket Number J87–00112 (L).

IT IS FURTHER ORDERED that, except as modified herein, the judgment of August 2, 1990, and all findings made pursuant thereto shall remain in full force and effect.