UNITED STATES of America

v.

Jose AGUDELO.

No. 89–3060–RV.

United States District Court,
N.D. Florida,
Pensacola Division.

Aug. 1, 1991.

Michael P. Finney, Asst. U.S. Atty., Samuel P. Alter, Jr., U.S. Atty., for U.S.

Thomas S. Keith, Federal Public Defender, for Jose Agudelo.

ORDER

VINSON, District Judge.

At sentencing in this case, I raised, *sua sponte*, the applicability of Sentencing Guideline 2P1.1(b)(3), which provides, in pertinent part:

> If the defendant escaped from the *non-secure custody* of a community corrections center, community treatment center, "halfway house," or similar facility ... decrease the [base] offense level ... by 4 levels....
>
> § 2P1.1(b)(3), *United States Sentencing Commission Guidelines* (emphasis added).

The issue is whether a Federal Prison Camp is a "non-secure custody" facility. The Probation Officer's presentence report (and, apparently, the Sentencing Commission's position) reflects that it is not. Because of the large number of escape cases handled by this Court, this is a significant issue.

The application notes to guideline 2P1.1 define "non-secure custody" as custody "with no significant physical restraint." *Id.*, application note 1. The note specifies as an example "where a defendant escaped from an institution with no physical perimeter barrier." *Id.*

The defendant in this case walked away from the grounds of the Eglin Federal Prison Camp at Eglin Air Force Base, Florida. This prison facility does not have a wall, fence, or other barrier around the perimeter. Thus, as defendant correctly asserts and the government concedes, the four-level reduction of base offense level described in Section 2P1.1(b)(3) clearly applies under the plain language of the *Guidelines Manual.*

This conclusion is bolstered by consideration of the provisions of the Rules of the United States Parole Commission. The Rules govern parole determinations for all prisoners incarcerated for crimes committed prior to the effective date of the Sentencing Guidelines. Escapes are treated in Section 2.36, "Rescission Guidelines," at subsection (2). Pursuant to this provision, the defendant's previously calculated parole date will be deferred 8–16 months for escape or attempted escape. § 2.36(a)(2)(i)(A), *Rules of the United States Parole Commission.* However, if the escape is from "non-secure custody," the parole date is deferred only 6 months or less. *Id.* at § 2.35(a)(2)(i)(B).

Note (4) to Section 2.36 defines "non-secure custody" in language almost identical to that later used in the sentencing

guidelines, indicating that the Sentencing Commission adopted this language when drafting Guideline 2P1.1(b)(3).[1] Significantly, note (4) includes the parenthetical explanation "(usually a *camp* or community treatment center)," which is not included in the Guidelines Manual's Application Notes. Thus, the parole rule from which the corresponding sentencing guideline was apparently drawn explicitly states that a "camp" is a "non-secure facility."

Therefore, I conclude that a Federal Prison Camp is a "non-secure custody" facility for sentencing guideline purposes, and that the four-level adjustment of Section 2P1.1(b)(3) applies to this case.

DONE AND ORDERED.

---

1. Note 4 to Section 2.36 provides that: Non-secure custody refers to custody with no significant physical restraint [e.g., walkaway from a work detail outside the security perimeter of an institution; failure to return to any institution from a pass or unescorted furlough; or escape by stealth from an institution with no physical barrier (usually a camp or community treatment center) ]. *Id.,* note (4).