UNITED STATES of America,
Plaintiff–Appellee,

v.

Donald E. McGANN, Defendant–
Appellant.

No. 91–10271.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 13, 1992 *.

Decided March 31, 1992.

Karen L. Snell, Asst. Federal Public Defender, San Francisco, Cal., for defendant-appellant.

Kent Walker, Asst. U.S. Atty., Appellate Section, San Francisco, Cal., for plaintiff-appellee.

Before: GOODWIN, FARRIS and POOLE, Circuit Judges.

PER CURIAM:

Appellant Donald McGann appeals his sentence under the United States Sentencing Guidelines, claiming that he is entitled to a four-level reduction pursuant to U.S.S.G. § 2P1.1(b)(3). We have jurisdiction pursuant to 28 U.S.C. § 1291. The district court had jurisdiction under 18 U.S.C. § 3231. Notice of appeal was timely filed. Fed.R.App.P. 4(b). "This court reviews de novo the way in which the district court applies the Guidelines." *United States v. Howard*, 894 F.2d 1085, 1087 (9th Cir.1990). We affirm.

On January 13, 1990, while serving time in the federal prison camp at Lompoc, California, Donald McGann walked away, effectively escaping from the custody of the Bureau of Prisons. The defendant remained a fugitive until his arrest on December 11, 1990. He pled guilty to violating 18 U.S.C. § 751 (escape) and was sentenced under the Guidelines to an addition-

* Pursuant to Ninth Circuit Rule 34–4, the panel unanimously finds this case suitable for disposition without oral argument.

al 37 months imprisonment, to be served consecutively with the time remaining on his underlying conviction.

This appeal concerns the interpretation of section 2P1.1 of the United States Sentencing Guidelines, which provides:

> If the defendant escaped from the non-secure custody of a community corrections center, community treatment center, "halfway house," or similar facility, ... decrease the offense level under subsection (a)(1) by 4 levels.

U.S.S.G. § 2P1.1(b)(3).

McGann argues that a federal prison camp is a facility "similar" to those named in the provision. He would have us focus exclusively on the term "non-secure custody."[1] Two district courts have taken this approach, holding that section 2P1.1(b)(3) applies to escapes from federal prison camps. *See United States v. Agudelo*, 768 F.Supp. 339 (N.D.Fla.1991); *United States v. Crosby*, 762 F.Supp. 658 (W.D.Pa.1991).

■ When the Guidelines apply broadly to cover escapes from all types of non-secure custody, the language of the provision states so explicitly. *See* U.S.S.G. § 2P1.1(b)(2). The language of subsection 2P1.1(b)(3), however, is limited to the non-secure custody of facilities like "community corrections center[s], community treatment center[s], [and] 'halfway house[s].'" The district court held that federal prison camps are generically different from the facilities listed in section 2P1.1(b)(3). Consequently, escapes from camps such as Lompoc are not entitled to the sentencing reduction. We agree. The defendant's interpretation would render the limiting modifiers of this subsection meaningless.

■ We need not address whether or not the decision to run the sentences consecutively constitutes an exercise of discretion, that can be reviewed on appeal, or a failure to depart downward under the guidelines that can not be reviewed on appeal under

*United States v. Morales*, 898 F.2d 99, 101–02 (9th Cir.1990). The district court's decision was not an abuse of discretion and hence could not be reversed, even if it could be reviewed.

AFFIRMED.

---

1. The Commentary to the Guidelines defines "non-secure custody."

    "Non-secure custody means custody with no significant physical restraint (*e.g.*, where a defendant walked away from a work detail outside the security perimeter of an institu-

tion; where a defendant failed to return to any institution from a pass or unescorted furlough; or where a defendant escaped from an institution with no physical perimeter barrier. Commentary to U.S.S.G. § 2P1.1 Application Note 1.