**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Traves V. BROWNLEE, Defendant–
Appellant.**

No. 92–3072.

United States Court of Appeals,
Tenth Circuit.

July 27, 1992.

Lee Thompson, U.S. Atty., and Thomas G. Luedke, Asst. U.S. Atty., Topeka, Kan., for plaintiff-appellee.

Traves V. Brownlee, defendant-appellant, pro se.

Before MOORE, TACHA, and BRORBY, Circuit Judges.

PER CURIAM.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.

Defendant escaped from the federal prison camp located next to the United States Penitentiary at Leavenworth, Kansas. After pleading guilty to a charge of escape from custody, he entered into a plea agreement with the government whereby the government agreed to advocate no more than thirteen months in confinement. Defendant received a thirteen-month sentence, and he argues on appeal that he should have received a four-level reduction in his offense level pursuant to U.S.S.G. § 2P1.1(b)(3). That section of the sentencing guidelines provides:

> If the defendant escaped from the nonsecure custody of a community corrections center, community treatment center, "halfway house," or similar facility, and subsection (b)(2) is not applicable, decrease the offense level under subsection (a)(1) by 4 levels or the offense level under subsection (a)(2) by 2 levels. *Provided*, however, that this reduction shall not apply if the defendant, while away from the facility, committed any federal, state, or local offense punishable by a term of imprisonment of one year or more.

The district court held that § 2P1.1(b)(3) did not apply in Defendant's situation because "a federal prison camp is not 'similar' to a community corrections center, community treatment center, or a halfway house." R.Vol. I tab 27 at 5. The district court found that "[t]here is a greater level of security in a federal prison camp, a greater level of freedom for convicts in a community corrections center, and a greater degree of contact with the 'free world' in a community corrections center." *Id.* We review the district court's interpretation and application of the sentencing guidelines de novo. *United States v. Maltais*, 961 F.2d 1485, 1486 (10th Cir.1992). We affirm.

Defendant argues that he escaped from non-secure custody, as that term is defined

in Application Note 1 of § 2P1.1(b)(3),[1] and that, therefore, he should receive the four-level offense level reduction for which that guideline provides. That argument ignores the plain language of U.S.S.G. § 2P1.1(b) which dictates that two circumstances must be present before an escapee receives the four-level reduction: first, the escape must be from non-secure custody, and, second, the non-secure custody must be provided by a particular type of facility, i.e., a community corrections center, community treatment center, halfway house or similar facility. Bolstering that interpretation, subsection 2P1.1(b)(2), which immediately precedes subsection 2P1.1(b)(3), refers simply to escape from non-secure custody, without modifying language, thereby encompassing all types of non-secure custody.[2] Subsection 2P1.1(b)(3) also refers to non-secure custody, but in this subsection additional language is used which specifies the types of non-secure custody to which it applies: "If the defendant escaped from the non-secure custody of a community corrections center, community treatment center, 'halfway house,' or similar facility...." We decline to interpret § 2P1.1(b)(3) as if it contained the same language as the subsection preceding it, when it does not. If Defendant's contention were correct, and the four-level reduction applied in cases of escape from all non-secure custody, then the modifying language used in § 2P1.1(b)(3) would be rendered meaningless surplusage.

The prison camp at Leavenworth may very well provide non-secure custody as it is defined in the Application Note to § 2P1.1(b)(3) but, consistent with our interpretation of that subsection, the inquiry does not end there. The next step is to determine whether that prison camp provides the non-secure custody of a community corrections center, community treatment center, halfway house or similar facility. We hold that a federal prison camp is not a facility providing non-secure custody which is similar to those facilities specified in § 2P1.1(b)(3). The facilities listed in the guideline are all integrated into the community. A prison camp, even though there may be no perimeter barriers and residents may have some freedom to come and go, is an environment separated from the community. Further, prison camps were recognized institutions in the corrections system long before the enactment of the sentencing guidelines and, had the Sentencing Commission intended that prison camps be within the purview of § 2P1.1(b)(3), it could have included them specifically.

The Ninth Circuit Court of Appeals, in the only federal circuit court decision addressing this issue, reached a similar result. In *United States v. McGann*, 960 F.2d 846 (9th Cir.1992), the court held that a defendant who had escaped from a federal prison camp at Lompoc, California, was not entitled to the § 2P1.1(b)(3) reduction because prison camps such as Lompoc are generically different from non-secure custody facilities like community corrections centers, community treatment centers, and halfway houses, as the guideline requires.[3]

---

**1.** Application Note 1 to U.S.S.G. § 2P1.1 provides:

"Non-secure custody" means custody with no significant physical restraint (*e.g.*, where a defendant walked away from a work detail outside the security perimeter of an institution; where a defendant failed to return to any institution from a pass or unescorted furlough; or where a defendant escaped from an institution with no physical perimeter barrier).

**2.** U.S.S.G. § 2P1.1(b)(2) provides:

If the defendant escaped from non-secure custody and returned voluntarily within ninety-six hours, decrease the offense level under § 2P1.1(a)(1) by 7 levels or the offense level under § 2P1.1(a)(2) by 4 levels. *Provided,* however, that this reduction shall not apply if

the defendant, while away from the facility, committed any federal, state, or local offense punishable by a term of imprisonment of one year or more.

**3.** There are three federal district court opinions which also address this issue. *United States v. Kahn*, 789 F.Supp. 373 (M.D.Ala. Mar. 23, 1992) contains a well-reasoned and thorough analysis of the law and facts to arrive at its holding that federal prison camps are not facilities as contemplated by U.S.S.G. § 2P1.1(b)(3). The other two reach the opposite conclusion, but both find only that the prison camps in question are non-secure custody facilities; neither opinion addresses the modifying language of the guideline which requires that, in order to qualify for the four-level reduction specified in U.S.S.G. § 2P1.1(b)(3), the escape be from the non-se-

*Id.* at 847. We agree with the disposition by the Ninth Circuit on this issue, and we therefore affirm the district court's ruling that U.S.S.G. § 2P1.1(b)(3) does not apply to reduce Defendant's offense level.

Defendant also argues that the district court erred in refusing to make a downward departure in his sentence. "It is settled law in this circuit and others that a district court's discretionary refusal to depart downward from the guidelines does not confer appellate jurisdiction under 18 U.S.C. § 3742." *United States v. Bromberg,* 933 F.2d 895, 896 (10th Cir.1991).

The Memorandum and Order of the district court is AFFIRMED.

cure custody of a community corrections center, community treatment center, halfway house, or similar facility. *United States v. Agu-*

*delo,* 768 F.Supp. 339 (N.D.Fla.1991); *United States v. Crosby,* 762 F.Supp. 658 (W.D.Penn.1991).