15 F.3d 1094
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellant,
v.
Michael Lee RACINOWSKI, Defendant-Appellee.
 No. 92-50658.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 5, 1994.*
Decided Jan. 20, 1994.
 
 1
 Before: GOODWIN and HALL, Circuit Judges, and TANNER,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 The United States appeals an 18 month sentence imposed on the defendant. The district court had jurisdiction pursuant to Title 18 U.S.C. Sec. 3231 and this court has jurisdiction pursuant to Title 28 U.S.C. Sec. 1291 and Title 18 U.S.C. Sec. 3742(b). We review de novo the district court's application of the Sentencing Guidelines, United States v. Howard, 894 F.2d 1085, 1087 (9th Cir 1990), and we REVERSE and REMAND for resentencing.
 
 
 4
 This is the second appeal from the conviction of defendant Racinowski for escape in violation of Title 18 U.S.C. Sec. 751. He was originally sentenced inter alia to 24 months in custody on February 24, 1992, successfully appealed, and was resentenced on October 21, 1992 to 18 months in custody.
 
 
 5
 The United States argues that the district court erred when it reduced the defendant's base offense level by 4 levels under U.S.S.G. Sec. 2P1.1(b)(3) because the defendant escaped from a Metropolitan Detention Center, not a "community corrections center, community treatment center, 'halfway house', or similar facility...." U.S.S.G. Sec. 2P1.1(b)(3).[1] At the resentencing hearing the United States relied upon United States v. McGann, 960 F.2d 846 (9th Cir.1992), cert. denied, 113 S.Ct. 276 (1993) for the position that U.S.S.G. Sec. 2P1.1(b)(3) is not available to the defendant. In McGann we stated that:
 
 
 6
 When the Guidelines apply broadly to cover escapes from all types of non-secure custody, the language of the provision states so explicitly. See U.S.S.G. Sec. 2P1.1(b)(2). The language of subsection 2P1.1(b)(3), however, is limited to the non-secure custody of facilities like "community corrections center[s], community treatment center[s], [and] 'halfway house[s].' " The district court held that federal prison camps are generically different from the facilities listed in section 2P1.1(b)(3). Consequently, escapes from camps such as Lompoc are not entitled to the sentencing reduction. We agree. The defendant's interpretation would render the limiting modifiers of this subsection meaningless.
 
 
 7
 960 F.2d at 847. (emphasis added).
 
 
 8
 Even though the McGann court was interpreting whether or not a prison camp was a similar facility to a community corrections center, we believe that the highlighted language in McGann makes it plain that a defendant is only entitled to a reduction under U.S.S.G. Sec. 2P1.1(b)(3) when the defendant escapes from one of those facilities set out in the section. See also United States v. Latimer, 991 F.2d 1509, 1513 (9th Cir.1993) ("reduction under Sec. 2P1.1(b)(3) is unavailable to prisoners who have escaped from prisons or prison camps, even if they escaped under circumstances qualifying as 'non-secure custody' ").
 
 
 9
 To the extent Application Note 1 conflicts with the explicit guideline section, we disregard it. See United States v. Anderson, 942 F.2d 606 (9th Cir.1991).
 
 
 10
 REVERSED and REMANDED for resentencing.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Jack E. Tanner, United States District Judge for the Western District of Washington, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Because we find that U.S.S.G. Sec. 2P1.1(b)(3) was wrongly applied in calculating the defendant's sentence, we do not reach the United States' other claimed basis for error