28 F.3d 113
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Jeffrey Blynn HOUCK, Defendant-Appellant.
 No. 94-3023.
 United States Court of Appeals,
Tenth Circuit.
 June 30, 1994.
 
 ORDER AND JUDGMENT[1]
 Before TACHA, BRORBY and EBEL, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Houck entered a plea of guilty to the crime of bank robbery, 18 U.S.C. 2113(a), and now appeals his sentence. We have jurisdiction[2] and affirm.
 
 
 3
 The significant facts are undisputed. Mr. Houck robbed a bank by throwing a note at the teller that said: "Give me all your money." Mr. Houck was holding his hand in his jacket pocket and pointing at the teller in a manner that caused the teller to believed Mr. Houck had a gun. The teller therefore gave $2,323 to Mr. Houck, and Mr. Houck then left the bank. During the robbery, Mr. Houck had a kitchen steak knife with a five-inch blade in his back pocket. At sentencing, Mr. Houck stated he carried the knife only to repair his bicycle. There was no evidence Mr. Houck brandished or displayed the knife or in fact used it during the robbery. The sentencing court, after finding Mr. Houck possessed a dangerous weapon (the steak knife) during the robbery, applied U.S.S.G. 2B3.1(b)(2)(E)[3] and increased Mr. Houck's base offense level by three.
 
 
 4
 Mr. Houck asserts the evidence clearly showed Mr. Houck only carried the knife to repair his bicycle, therefore the sentencing court committed error by increasing the offense level three levels. Mr. Houck believes the Government failed to meet its burden of proof and merely possessing the knife in the bank was not sufficient to enhance his sentence. Stated somewhat differently, Mr. Houck argues the Guidelines require the Government to prove that Mr. Houck possessed the knife as a potential weapon.
 
 
 5
 We are not persuaded by Mr. Houck's argument. The Guidelines mandate the increase in the base offense level if a bank robber merely possesses a dangerous weapon during the robbery. The Guidelines do not require the Government prove or show the defendant intended to use the weapon. The Guidelines are undoubtedly predicated upon the theory that a sentence should be enhanced if the defendant committed the crime while possessing a dangerous weapon. In short, it is an effort to discourage those persons who commit bank robberies from carrying a weapon. The plain language of the Guidelines requires only possession of a dangerous weapon during the crime. The evidence is more than sufficient to sustain the sentencing court's finding that Mr. Houck possessed the weapon during the commission of the crime. The fact that Mr. Houck may have had no intention of using the knife as a weapon is immaterial.
 
 
 6
 Mr. Houck next contends the sentencing court erred in refusing Mr. Houck's request for a downward departure. Mr. Houck had a history of suffering from seizures and headaches. Mr. Houck asserted at sentencing that this physical condition warranted a downward departure and he cited U.S.S.G. 5H1.4 as authority. Section 5H1.4 states physical condition is not ordinarily relevant in sentencing, however an extraordinary physical impairment may be a reason to impose a sentence below the applicable Guideline range. We cannot consider this argument as we lack the jurisdiction to review a district court's discretionary refusal to depart downward. See United States v. Brownlee, 970 F.2d 764, 766 (10th Cir.1992); United States v. Bromberg, 933 F.2d 895, 896 (10th Cir.1991) ("[I]t is settled law ... that a district court's discretionary refusal to depart downward from the guidelines does not confer appellate jurisdiction under [18 U.S.C.] 3742.").
 
 
 7
 The judgment and sentence of the district court is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 We were initially concerned as to whether we had jurisdiction and entered an order requiring the parties to brief the issue of jurisdiction. The parties clearly demonstrated the notice of appeal was timely filed, and consequently this court has jurisdiction
 
 
 [3]
 This section provides in part: "[I]f a dangerous weapon was brandished, displayed, or possessed, increase by 3 levels."