33 F.3d 61
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellant
v.
Victor Lamar WHITE, Defendant-Appellee.
 No. 93-50197.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 6, 1994.
Decided Aug. 9, 1994.
 
 Before: BROWNING and FLETCHER, Circuit Judges and FITZGERALD,* District Judge.
 MEMORANDUM**
 Appellant Victor Lamar White pled guilty to prison escape. The government appeals from the sentence imposed by the district court, arguing that the court erred by adjusting White's sentence downward four levels based on the non-secure nature of White's custody. We vacate the sentence and remand for further proceedings consistent with this opinion.
 FACTS
 On July 6, 1992, White was incarcerated at the Metropolitan Correctional Center (MCC) in San Diego, serving a 120-day sentence for aiding and abetting an illegal entry, and a six-month sentence imposed when he violated probation following a plea of guilty to a charge of alien smuggling. On July 6, 1992, White walked away from the outside work detail to which he had been assigned, and went home. He was later captured there, hiding in his ceiling.
 White was indicted and pled guilty to escape in violation of 18 U.S.C. Sec. 751(a). The government filed an objection to the presentence report, urging the court not to follow the PSR's recommendation to grant a downward adjustment of four points pursuant to U.S.S.G. Sec. 2P1.1(b)(3).
 The district court granted the downward adjustment nevertheless. An offense level of 7 and a Criminal History Category of VI placed White within the 15 to 21-month range. The district court sentenced him to 18 months in prison and three years of supervised release.
 White appealed the district court's failure to depart downward for overrepresentation of the seriousness of his criminal history. The government cross-appealed the downward adjustment. After his appeal had been filed, White again escaped from prison, and we accordingly dismissed his appeal. White was later apprehended, and he thereafter filed a motion to reinstate his appeal. We denied that motion. We therefore now consider only the government's cross-appeal. We review the district court's interpretation of the Sentencing Guidelines de novo. United States v. Blaize, 959 F.2d 850, 851 (9th Cir.), cert. denied, 112 S.Ct. 2954 (1992).
 DISCUSSION
 White was sentenced under U.S.S.G. Sec. 2P1.1, which sets a base offense level of 13 for escape from confinement following conviction. Section 2P1.1 specifies two separate bases for downward adjustment. Under subsection (b)(2), a defendant is entitled to a 7-level downward adjustment "[i]f the defendant escaped from non-secure custody and returned voluntarily within ninety-six hours." Under subsection (b)(3), a defendant is entitled to a 4-level downward adjustment "[i]f the defendant escaped from the non-secure custody of a community corrections center, community treatment center, 'halfway house,' or similar facility." "Non-secure custody" is then defined in an Application Note:
 "Non-secure custody" means custody with no significant physical restraint (e.g., where a defendant walked away from a work detail outside the security perimeter of an institution; where a defendant failed to return to any institution from a pass or unescorted furlough; or where a defendant escaped from an institution with no physical perimeter barrier).
 U.S.S.G. Sec. 2P1.1, comment. (n. 1).
 White clearly escaped from non-secure custody; his conduct precisely fits one of the examples given in the commentary. White has not shown, however, that he is entitled to a downward adjustment under either subsection (b)(2) or subsection (b)(3). Subsection (b)(2) pertains only to inmates who self-surrender within 96 hours; White did not do this.
 Subsection (b)(3) pertains only to escapes from the non-secure custody of certain facilities. It does not pertain to escapes from non-secure custody in general. We explicitly recognized this point in United States v. McGann, 960 F.2d 846, 847 (9th Cir.), cert. denied, 113 S.Ct. 276 (1992), where we declined an escapee's invitation to "focus exclusively on the term 'non-secure custody.' " We held in McGann that an escape from a federal prison camp did not warrant a downward adjustment, because prison camps are not among the facilities enumerated in Sec. 2P1.1(b)(3), and are not "similar" to those facilities either. Id. at 847. We went on to observe that when the Sentencing Commission intended the Guidelines to apply to escapes from non-secure custody regardless of the nature of the facility, the Commission knew how to do so--as in subsection (b)(2).
 Thus the commentary to Sec. 2P1.1, on which White relies heavily, gets him only halfway to the goal. The downward adjustment under subsection (b)(3) is warranted only if the MCC is a facility that is "similar" to a community corrections center, community treatment center, or halfway house. The district court erred by granting the downward adjustment solely on the basis that White escaped from non-secure custody.
 This leaves the question whether the MCC is in fact a facility similar to those enumerated in subsection (b)(3). The government states flatly that it is not, and describes the MCC as "a lock down Administrative Level Facility that maintains a high level of security." Br. of Govt. at 8. The government has submitted, and has asked us to take judicial notice of, a publication from the Bureau of Prisons which describes the MCC in essentially these terms.
 The Bureau of Prisons publication was not before the district court. We find it more appropriate to allow that court to consider the publication in the first instance, and to allow White to submit, if he can, evidence in rebuttal.
 We point out for the district court's guidance on remand, however, that evidence that White was a member of a non-secure work detail which bears a resemblance to work programs in halfway houses or community corrections centers would not be sufficient to rebut the evidence presented by the government. White must show not only that he escaped from non-secure custody, but also that he was confined in a facility similar to those enumerated in subsection (b)(3). The work detail itself cannot be the "facility." Even showing that the work detail was part of a program resembling programs in the enumerated facilities would not be enough. Subsection (b)(3) speaks not of programs but of facilities. Conceivably White could show that the MCC is in essence many facilities with different functions combined for convenience in the same building, and that the one he was assigned to was similar to the facilities enumerated in subsection (b)(3).
 We remand so that the parties may submit to the district court evidence bearing on whether or not the MCC is similar to the facilities enumerated in subsection (b)(3). We vacate the sentence in its entirety so that if White is unable to show that he is entitled to a downward adjustment, the district court may reconsider the full range of sentencing options.
 VACATED AND REMANDED.
 
 
 
 *
 Honorable James M. Fitzgerald, Senior United States District Judge for the District of Alaska, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3