**UNITED STATES of America, Plaintiff–Appellant,**

v.

**Mark Wayne HELTON, Sr., Defendant–Appellee.**

**No. 96–10542.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 17, 1997. *

Decided Sept. 30, 1997.

---

1. Judge Poole did not participate in this order.

2. Honorable Robert M. Takasugi, United States District Judge for the Central District of California, sitting by designation.

* The panel unanimously finds this case suitable for disposition without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34–4.

820

Rimantas A. Rukstele, Assistant United States Attorney, Las Vegas, Nevada, for plaintiff-appellant.

Janet S. Bessemer, Assistant Federal Public Defender, Las Vegas, Nevada, for defendant-appellee.

Befóre: ALDISERT,** CHOY and THOMPSON, Circuit Judges.

PER CURIAM:

### FACTS

The defendant-appellee Mark Wayne Helton, Sr. was incarcerated at the Federal Prison Camp on the Nellis Air Force Base in Nevada. On April 27, 1995, while assigned to an unsupervised work detail at a Las Vegas city park, Helton escaped by walking away from the detail and boarding a bus.

He was later arrested, and pleaded guilty to prison escape in violation of 18 U.S.C. § 751(a). The presentence report submitted to the district court recommended that the court grant a downward adjustment of four levels pursuant to U.S.S.G. § 2P1.1(b)(3). Although the government objected, the district court granted Helton the four-level decrease, and sentenced him to ten months of imprisonment to run consecutively to the prison sentence he was already serving.

The government appeals. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(b). We vacate Helton's sentence and remand for resentencing.

** Hon. Ruggero J. Aldisert, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

## ANALYSIS

■ Sentencing Guidelines section 2P1.1 sets a base offense level of 13 for escape from confinement following conviction, but specifies, in subsection (b)(3), that a district court must decrease the offense level by four levels "[i]f the defendant escaped from the non-secure custody of a community corrections center, community treatment center, 'halfway house,' or similar facility." U.S.S.G. § 2P1.1(b)(3) (1995). Application Note 1 to section 2P1.1 defines non-secure custody as:

> [C]ustody with no significant physical restraint (e.g., where a defendant walked away from a work detail outside the security perimeter of an institution; where a defendant failed to return to any institution from a pass or unescorted furlough; or where a defendant escaped from an institution with no physical perimeter barrier).

U.S.S.G. § 2P1.1, comment. (n.1) (1995).

■ Thus, to be entitled to a downward adjustment under section 2P1.1, Helton was required to show not only that he escaped from non-secure custody, but also that he was confined in a facility expressly specified in subsection (b)(3) or in one similar thereto. See United States v. McGann, 960 F.2d 846, 847 (9th Cir.1992).

The government concedes that Helton escaped from non-secure custody. The issue is whether he escaped from a facility similar to one expressly specified in subsection (b)(3).

We held in McGann that an inmate who walked away from a federal prison camp at Lompoc, California was not entitled to the four-level reduction provided in subsection (b)(3), because "federal prison camps are generically different from the facilities listed in section 2P1.1(b)(3)." Id. Here, Helton escaped from a work detail outside a federal prison camp.

■ Helton contends McGann is inapposite, because unlike the prisoner in McGann Helton was not physically within the perimeter of the Nellis Prison Camp when he escaped. Helton's argument is unpersuasive. Although he was not within the physical perimeter of the prison camp at the time of his escape, he was nonetheless in the custody of that camp. See United States v. Tapia, 981 F.2d 1194, 1197–98 (11th Cir.1993) (treating escape from work detail outside perimeter of prison camp as escape from the custody of the prison camp); United States v. Kahn, 789 F.Supp. 373, 375 (M.D.Ala.1992) (same).

■ Helton argues that even if he was in the custody of the prison camp, he "walked away from a work detail outside the security perimeter of [that] institution" and, therefore, under Application Note 1 to section 2P1.1 he is entitled to the four-point reduction. We disagree.

Application Note 1 to section 2P1.1 only defines the words "non-secure custody." The Note has no effect upon the second requirement of section 2P1.1(b)(3) that an escape from non-secure custody must also be from one of the enumerated or similar facilities specified in that subsection.

We VACATE Helton's sentence and REMAND his case for resentencing consistent with this opinion.

VACATED and REMANDED.