**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Phillip L. MARTIN, Defendant— Appellant.**

No. 05–10595.

United States Court of Appeals, Ninth Circuit.

Submitted May 15, 2006.*

Decided May 19, 2006.

William R. Reed, Esq., Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff— Appellee.

Rene L. Valladares, AFPD, Federal Public Defender's Office, Las Vegas, NV, for Defendant—Appellant.

Before: B. FLETCHER, TROTT, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Phillip L. Martin appeals the sentence imposed under the advisory Sentencing Guidelines scheme following his guilty plea to escape in violation of 18 U.S.C. § 751(a). He contends that his 24–month sentence, consecutive to another term, was unreasonable because the district court did not reduce it on the ground that he escaped from a non-secure facility. We have juris-

---

diction under 28 U.S.C. § 1291, and we affirm.

We review sentences for unreasonableness. *United States v. Plouffe*, 445 F.3d 1126 (9th Cir.2006) (amended opinion). "In determining whether a sentence is unreasonable, we are guided by the sentencing factors set forth in 18 U.S.C. § 3553(a), including the sentencing range established by the Sentencing Guidelines." *Id.*

Martin's base offense level was 13 under U.S.S.G. § 2P1.1. The district court made a 2–level downward adjustment under § 3E1.1, for a total offense level of 11. Martin's criminal history category was VI, and so his guidelines range was 27 to 33 months imprisonment. The district court refused to make a four-level downward adjustment under U.S.S.G. § 2P1.1(b)(3) on the ground that he escaped from a non-secure facility. "[C]onsidering all of the factors in 3553," it subtracted 3 months from the Guidelines sentence and imposed a 24–month term.

The district court's Guidelines calculation was correct. As we held in *United States v. Helton*, 127 F.3d 819, 821 (9th Cir.1997) (per curiam), the Federal Prison Camp on the Nellis Air Force Base, where Martin was in custody, is not a non-secure facility within the meaning of § 2P1.1(b)(3).

Martin contends that the district court should have reduced his sentence below 24 months because he escaped from a minimum security prison; his escape was intended to be temporary because he walked away from a work detail in order to meet his wife; and he assisted the authorities after his arrest. He contends, therefore, the sentence did not accurately reflect the seriousness of the offense, as required by 18 U.S.C. § 3553(a)(2)(A).

We disagree; under the circumstances of this case, the 24–month term was not unreasonable. *See Plouffe*, 445 F.3d at 1127.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.