**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4945**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

DEAN EDWARD WHITMAN, JR.,

        Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.  Irene M. Keeley, District Judge.  (1:10-cr-00051-IMK-JSK-1)

Submitted: April 21, 2011        Decided:  May 11, 2011

Before MOTZ, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Brian J. Kornbrath, Federal Public Defender, Clarksburg, West Virginia, Kristen Leddy, Research and Writing Specialist, Martinsburg, West Virginia, for Appellant.  William J. Ihlenfeld, II, United States Attorney, Brandon S. Flower, Assistant United States Attorney, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dean Edward Whitman, Jr., pled guilty to escape, in violation of 18 U.S.C. § 751 (2006), and was sentenced to a term of twenty-four months' imprisonment. Whitman appeals his sentence, contending that the district court erred in denying him a four-level reduction under U.S. Sentencing Guidelines Manual (USSG) § 2P1.1(b)(3) (2009), for escape from the non-secure custody of a community corrections center or similar facility. We affirm.

On April 15, 2010, while Whitman was confined at the Federal Correctional Institution in Morgantown, West Virginia (FCI-Morgantown), he was taken to Ruby Memorial Hospital for an unescorted medical appointment. After he was dropped off, instead of entering the hospital, Whitman walked across the street to the parking lot where his girlfriend was parked. Whitman got into her car and they drove away. Whitman was located with his girlfriend at a motel in Ohio that evening.

When he was sentenced, Whitman sought a four-level reduction under USSG § 2P1.1(b)(3), which applies "[i]f the defendant escaped from the non-secure custody of a community corrections center, community treatment center, 'half-way house,' or similar facility, and subsection (b)(2) is not available." In Whitman's case, subsection (b)(2) was not available; it provides for a four-level reduction if the

2

defendant escaped from non-secure custody and returned voluntarily within ninety-six hours. Application Note 1 to § 2P1.1 defines "non-secure custody" as "custody with no significant physical restraint" and gives as examples of escape from non-secure custody "walk[ing] away from a work detail outside the security perimeter of an institution; . . . fail[ure] to return to any institution from a pass or unescorted furlough; or . . . escap[ing] from an institution with no physical perimeter barrier[.]" Whitman argued that he had escaped from the hospital, and that it was a non-secure facility similar to a community treatment center. However, the district court found that Whitman was not eligible for the reduction because he had escaped from FCI-Morgantown, a secure facility.

Whether § 2P1.1(b)(3) applies in Whitman's case is an issue that requires interpretation of a Guideline. The district court's decision is therefore reviewed de novo. United States v. Sarno, 24 F.3d 618, 623 (4th Cir. 1994). In Sarno, we held that the reduction under subsection (b)(3) applies if (1) the defendant escaped from a non-secure facility, but only when (2) the non-secure facility is similar to a community corrections center or other facility listed in subsection (b)(3). Id. at 623-24.

Initially, it may be helpful to note that the term "non-secure custody," as it is used in § 2P1.1, may mean either

3

a temporary state, as when an inmate being held in a secure facility is on a work detail or unsupervised furlough, or a permanent state resulting from the inmate's assignment to a non-secure facility. A defendant seeking a reduction under subsection (b)(3) must "show not only that he escaped from non-secure custody, but also that he was confined in a facility expressly specified in subsection (b)(3) or in one similar thereto." United States v. Helton, 127 F.3d 819, 821 (9th Cir. 1997) (holding that defendant who walked away from work detail outside security perimeter of federal prison camp was not entitled to reduction under subsection (b)(3) because he remained in custody of prison camp, a secure facility); United States v. Tapia, 981 F.2d 1194, 1197-98 (11th Cir. 1993) (same; treating escape from work detail outside security perimeter of prison camp as escape from prison camp).

Whitman argues that he escaped from a non-secure facility because he escaped from the hospital. He further argues that he met the second requirement because the hospital was a facility similar to a community corrections center and the other facilities enumerated in subsection (b)(3). Whitman's first assertion is incorrect. As the district court found, Whitman was always in the custody of FCI-Morgantown, which was held in Sarno to be a secure facility. Sarno, 24 F.3d at 624. He was never in the custody of the hospital. Despite Whitman's

4

persistent argument that he was furloughed to Ruby Memorial Hospital, he never produced evidence of a change in his status as an inmate of FCI-Morgantown, nor could he.

Whitman relies on Application Note 1, arguing that the reduction applies if a defendant fails to return to any institution as long as he was on an unescorted furlough from that institution at the time of the escape. However, Application Note 1 merely defines the term "non-secure custody" as it is used in both subsection (b)(2) and (b)(3). See Helton, 127 F.3d at 821 ("The Note has no effect upon the second requirement of section 2P1.1(b)(3) that an escape from non-secure custody must also be from one of the enumerated or similar facilities specified in that subsection."). Because Whitman was in custody in a secure facility, the fact that he walked away while on an unescorted furlough from that facility does not make him eligible for the reduction under subsection (b)(3). In his reply brief, Whitman complains that under this "strained interpretation, no defendant designated to a secure Bureau of Prisons facility could ever get the benefit of the subsection (b)(3) reduction, even if later furloughed elsewhere." He is right, and this result is a consequence of the plain meaning of subsection (b)(3), as Helton and Tapia held.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED