# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-3796

_____

United States of America

*Plaintiff - Appellee*

v.

Adrian Batts

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: May 23, 2014
Filed: July 10, 2014
[Published]

_____

Before BYE, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Adrian Batts walked away from the prison camp at the Federal Correctional Institution ("FCI") in Forrest City, Arkansas. A federal magistrate judge issued a warrant for his arrest, and the United States Marshals Service apprehended Batts approximately one month after his escape from the camp. Batts pled guilty to one count of escape of a prisoner in custody, in violation of 18 U.S.C. § 751(a). At

sentencing, Batts argued that he was entitled to a four-level reduction to his base offense level under USSG § 2P1.1(b)(3). The district court[1] denied Batts's request for a reduction and sentenced him to 24 months' imprisonment.[2] This appeal followed, and we affirm.

"[A] district court's interpretation and application of the guidelines is reviewed de novo and its factual findings are reviewed for clear error." *United States v. Dengler*, 695 F.3d 736, 739 (8th Cir. 2012). As relevant here, the sentencing guidelines provide for a four-level reduction to the base offense level where "the defendant escaped from the non-secure custody of a community corrections center, community treatment center, 'halfway house,' or similar facility." USSG § 2P1.1(b)(3). At sentencing, the defendant bears the burden to prove that he is entitled to a reduction under § 2P1.1(b)(3). *United States v. Love*, 74 F.3d 1244, at *1 (8th Cir. 1996) (unpublished per curiam); *see also United States v. Stavig*, 80 F.3d 1241, 1245 (8th Cir. 1996) (holding that defendant bears burden to prove mitigating factors at sentencing).

On appeal, Batts's sole argument is that a prison camp, such as the one at FCI, is a non-secure facility similar to a community corrections center, community treatment center, or halfway house. Although our court has not yet addressed this question, several of our sister circuits have. Without exception, they have determined that prison camps are not similar to the institutions described in § 2P1.1(b)(3) and that the reduction therefore does not apply to defendants who escape from a prison camp. *See United States v. McCullough*, 53 F.3d 164, 165 (6th Cir. 1995); *United States v.*

---

[1]The Honorable James M. Moody, Sr., United States District Judge for the Eastern District of Arkansas.

[2]At sentencing, Batts also raised an argument involving USSG § 2P1.1(b)(2). However, Batts abandoned this argument on appeal—relying only on § 2P1.1(b)(3) in his brief. *See United States v. Arnold*, 725 F.3d 896, 897 n.2 (8th Cir. 2013).

*Stalbaum*, 63 F.3d 537, 540 (7th Cir. 1995); *United States v. Hillstrom*, 988 F.2d 448 (3d Cir. 1993) (remanding for further consideration to determine whether a prison camp is a "similar facility"), *on remand*, 837 F. Supp. 1324, 1339 (M.D. Pa. 1993) (deciding on remand that a prison camp is not a "similar facility"), *aff'd without op.*, 37 F.3d 1490 (3d Cir. 1994); *United States v. Tapia*, 981 F.2d 1194, 1197-98 (11th Cir. 1993); *United States v. Shaw*, 979 F.2d 41, 44-45 (5th Cir. 1992); *United States v. Brownlee*, 970 F.2d 764, 765 (10th Cir. 1992); *United States v. McGann*, 960 F.2d 846, 847 (9th Cir. 1992). We agree, in particular, with the Tenth Circuit's rationale in distinguishing prison camps from the institutions listed in § 2P1.1(b)(3):

> The facilities listed in the guideline are all integrated into the community. A prison camp, even though there may be no perimeter barriers and residents may have some freedom to come and go, is an environment separated from the community. Further, prison camps were recognized institutions in the corrections system long before the enactment of the sentencing guidelines and, had the Sentencing Commission intended that prison camps be within the purview of § 2P1.1(b)(3), it could have included them specifically.

*Brownlee*, 970 F.2d at 765. Accordingly, the district court did not err in denying Batts's request for a reduction under § 2P1.1(b)(3), and we affirm the sentence.[3]

---

[3]Batts does not challenge the substantive reasonableness of his sentence. Thus, we do not address that issue. *See United States v. Brown*, 550 F.3d 724, 729 n. 4 (8th Cir. 2008).