# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-2228

_____

United States of America

*Plaintiff - Appellee*

v.

Walter Schulz

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Springfield

_____

Submitted: April 13, 2020
Filed: April 29, 2020
[Unpublished]

_____

Before BENTON, BEAM, and KOBES, Circuit Judges.

_____

PER CURIAM.

Walter Schulz appeals, challenging the sentence imposed by the district court[1] following his guilty plea to escape from custody in violation of 18 U.S.C. §§ 751(a) and 4082(a).  Schulz argues that the district court procedurally erred in calculating his sentence.  He alleges he was entitled to a four-point reduction in his base offense level because he escaped from non-secure custody and did not commit a disqualifying offense while away from confinement.  United States Sentence Guidelines (U.S.S.G.) § 2P1.1(b)(3).[2]  The district court did not grant Schulz the reduction and ultimately sentenced Schulz to thirty months' imprisonment followed by three years of supervised release.

This court reviews a district court's factual findings at sentencing for clear error and reviews the district court's application of the Guidelines  de novo.  United States v. Luscombe, 950 F.3d 1021, 1031 (8th Cir. 2020).   The district court, crediting the testimony of the arresting United States Marshal, held that Schulz failed to establish that he was entitled to the four-point reduction because it was more likely than not that he committed the offenses alleged–that he gave false information about his identity to the United States Marshal and resisted attempts to take him into custody.  See United States v. Batts, 758 F.3d 915, 916 (8th Cir. 2014) ("At sentencing, the defendant bears the burden to prove that he is entitled to a reduction under § 2P1.1(b)(3).");  United States v. Killingsworth, 413 F.3d 760, 763 (8th Cir.

_____

[1]The Honorable Stephen R. Bough, United States District Judge for the Western District of Missouri.

[2]U.S.S.G. § 2P1.1(b)(3) provides:

If the defendant escaped from the non-secure custody of a . . . "halfway house," or similar facility . . . decrease the offense level under subsection (a)(1) by 4 levels . . . . *Provided*, however, that this reduction shall not apply if the defendant, while away from the facility, committed any federal, state, or local offense punishable by a term of imprisonment of one year or more.

2005) ("A district court's assessment of a witness's credibility is almost never clear error given that court's comparative advantage at evaluating credibility.").

Citing United States v. Jones, 628 F.3d 1044 (8th Cir. 2011), Schulz claims this is one of the "extreme" circumstances where the district court's credibility finding was in error. Id. at 1047. ("A district court's finding that a witness's testimony is credible is only error in extreme circumstances, such as when the witness testified to facts that are physically impossible."). Schulz maintains that when he was taken into custody, he did not resist arrest and he most certainly does not remember giving false information to the officers about his identity. He points out the inconsistency between the recitation of the custodial event in the presentence investigation report and the different account provided by the United States Marshal at sentencing as to Schulz's exact location when he was taken into custody–in a vehicle in the garage versus a vehicle in the driveway. He argues the district court clearly erred by failing to place more emphasis on this inconsistency and by failing to properly scrutinize the testimony. However, assuming the testimony regarding the location of the arrest was actually inconsistent, this allegedly conflicting testimony is not such an extreme circumstance as to overturn the district court's credibility determination. Accordingly, we affirm the sentence imposed by the district court.

_____