UNITED STATES of America,
Plaintiff–Appellee,

v.

Roberto CISNEROS–GARCIA,
Defendant–Appellant.

UNITED STATES of America,
Plaintiff–Appellee,

v.

Rodney Arnett COHEE, Defendant–
Appellant.

Nos. 93–3216, 93–3217.

United States Court of Appeals,
Tenth Circuit.

Jan. 19, 1994.

Submitted on the Briefs: *

Charles D. Anderson, Federal Public Defender, and Charles D. Dedmon, Asst. Federal Public Defender, Topeka, KS, for defendant-appellant Roberto Cisneros–Garcia and defendant-appellant Rodney Arnett Cohee.

Randall K. Rathbun, U.S. Atty., and Thomas G. Luedke, Asst. U.S. Atty., for plaintiff-appellee.

Before MOORE, ANDERSON and KELLY, Circuit Judges.

PAUL KELLY, Jr., Circuit Judge.

Mr. Cisneros–Garcia and Mr. Cohee each pled guilty to escape from the U.S. Penitentiary, Leavenworth, Kansas, Honor Camp. 18 U.S.C. § 751(a). Each was sentenced to an additional eighteen months. The district court declined to treat the escape as one from non-secure custody in a facility like "a community corrections center, community treatment center or 'halfway house,'" and therefore declined to reduce the base offense level by four levels, U.S.S.G. § 2P1.1(b)(3). The district court also rejected the argument that a two-level downward departure under U.S.S.G. § 5K2.0 was appropriate because, even if the Honor Camp was unlike the other facilities mentioned in U.S.S.G. § 2P1.1(b)(3), it met half the requirements of the pertinent guideline, i.e. non-secure custody. Mr. Cisneros–Garcia and Mr. Cohee urge the same grounds on appeal. Our jurisdiction arises under 18 U.S.C. § 3742(a) and we affirm.

Under the Guidelines, we review the district court's findings of fact for clear error and its application of law de novo. 18 U.S.C. § 3742(e). As below, the Defendants contend that factual development concerning the programs at the Leavenworth prison camp is needed to determine whether it is similar to a community corrections center or halfway house. *See United States v. Hillstrom,* 988 F.2d 448, 451–52 (3rd Cir.1993). For good reason, district courts in this circuit are not required to engage in this exercise. *See United States v. Hillstrom,* 837 F.Supp. 1324 (M.D.Pa.1993). The district court properly followed our decision in *United States v.*

* The parties have not requested oral argument. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause therefore is ordered submitted without oral argument.

*Brownlee,* 970 F.2d 764 (10th Cir.1992). We decline to read the "prison" out of "prison camp," and reaffirm *Brownlee.*

We agree with the Ninth Circuit that the Sentencing Commission apparently viewed escape from prison facilities as more serious than escape from community-based programs. *See United States v. Latimer,* 991 F.2d 1509, 1512–13 (9th Cir.1993). The Sentencing Commission expressly considered escape from non-secure custody, but chose to grant any applicable reduction in base offense level upon prompt return, § 2P1.1(b)(2), or upon a showing that the escape was from a community-based facility, § 2P1.1(b)(3). Given such consideration, the departure urged under 18 U.S.C. § 3553(b) and U.S.S.G. § 5K2.0 was not available. Accordingly, the judgments are

AFFIRMED. The mandates shall issue forthwith.