UNITED STATES of America,
Plaintiff–Appellee,

v.

James L. McCULLOUGH,
Defendant–Appellant.

No. 94–5859.

United States Court of Appeals,
Sixth Circuit.

Submitted April 13, 1995.

Decided May 12, 1995.

David Bunning, Asst. U.S. Atty. (briefed), Office of the U.S. Atty., Lexington, KY, for plaintiff-appellee.

James L. McCullough, London, KY, defendant-appellant pro se and David Hoskins (briefed), Corbin, KY, for defendant-appellant.

Before: MERRITT, Chief Judge; KEITH and WELLFORD, Circuit Judges.

MERRITT, Chief Judge.

Appellant and defendant below, James McCullough, appeals his sentence for escaping from the Federal Prison Camp in Manchester, Kentucky. Appellant walked away from the camp without permission. He was arrested four days later in Ohio and pled guilty to escape from a federal facility, 18 U.S.C. § 751(a). Appellant was sentenced to an additional 27 months imprisonment. Appellant contends that he is entitled to a four-level reduction in his base offense level pursuant to United States Sentencing Guideline Section 2P1.1(b)(3). The district court declined to apply the reduction. We affirm the opinion below.

United States Sentencing Guideline Section 2P1.1(b)(3) requires a reduction in sentencing for escapes from non-secure "community corrections centers, community treatment centers or halfway houses" or "similar" facilities. The application notes to the Guidelines for this section do not give any examples of what constitutes a "similar" facility for purposes of applying the Guideline. Defendant argues that his sentence should be reduced because the federal prison work camp from which he escaped is "non-secure" and is similar to "community corrections centers, community treatment centers or halfway houses."

This is this first time this issue has arisen in the Sixth Circuit. Five other circuits have already addressed this issue and all have held that federal prison work camps are not "similar" to "community corrections centers, community treatment centers or halfway houses." *United States v. Cisneros–Garcia*, 14 F.3d 41 (10th Cir.1994); *United States v. Hillstrom*, 988 F.2d 448 (3d Cir.)(defendant escaped from non-secure federal prison camp and court remanded for further consideration to determine whether facility is similar to community corrections center), *on remand*, 837 F.Supp. 1324 (M.D. Pa.1993)(deciding on remand that facility is not similar to community-based corrections institution), *aff'd without op.*, 37 F.3d 1490 (3rd Cir.1994), *cert. denied*, — U.S.—, 115 S.Ct. 1382, 131 L.Ed.2d 236 (1995); *United States v. Tapia*, 981 F.2d 1194 (11th Cir.), *cert. denied*, — U.S. —, 113 S.Ct. 2979, 125 L.Ed.2d 676 (1993); *United States v. Shaw*, 979 F.2d 41 (5th Cir.1992); *United States v. Brownlee*, 970 F.2d 764 (10th Cir.1992); *United States v. McGann*, 960 F.2d 846 (9th Cir.), *cert. denied*, — U.S. —, 113 S.Ct. 276, 121 L.Ed.2d 204 (1992). To date, no other circuit has ruled otherwise.

The Court will follow the other circuits that have ruled on this issue holding that non-secure federal prison work camps are not "similar" to "community corrections centers, community treatment centers or halfway houses," although it recognizes that the issue is debatable. In the interest of preserving uniformity and consistency of the law on this subject, we defer to the reasoning of our five sister circuits. Accordingly, the Court agrees that the four-level reduction under U.S.S.G. § 2P1.1(b)(3) does not apply when sentencing escapees from non-secure federal prison work camps.

The judgment of the district court is **AFFIRMED**.