105 F.3d 659
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
William Larry DUGAN, Defendant-Appellant.
 No. 95-6676.
 United States Court of Appeals, Sixth Circuit.
 Jan. 6, 1997.
 
 Before: NORRIS and COLE, Circuit Judges; EDMUNDS, District Judge.*
 PER CURIAM.
 
 
 1
 Defendant-Appellant, William Larry Dugan, appeals the sentence imposed on him by the district court pursuant to United States Sentencing Guidelines sections 2P1.1(b)(3) and 5G1.3(a) for escaping from a federal prison camp while serving an undischarged term of imprisonment. For the reasons that follow, we AFFIRM the decision of the district court.
 
 I.
 
 2
 On June 16, 1995, William Larry Dugan ("Dugan") escaped from federal custody at the Federal Correctional Institute in Manchester, Kentucky where he was serving a 108-month sentence for possession of methamphetamine with intent to distribute. On June 22, 1995, a criminal complaint charging Dugan with escape from federal custody was filed in the United States District Court for the Eastern District of Kentucky. Seven days later, Dugan was arrested in Dale, Indiana along with his girlfriend, Jill Smith, who was subsequently charged with aiding and assisting his escape.
 
 
 3
 Dugan pleaded guilty to knowingly escaping from federal custody and was sentenced to a term of eighteen months to be served after he completes his 108-month sentence of incarceration. At the sentencing on December 1, 1995, Dugan's counsel raised six objections to the Presentence Investigation Report, but has raised only two of those objections in this appeal. First, Dugan argues that he should have received a four-level reduction in his base offense level pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 2P1.1(b)(3) because the federal prison camp from which he escaped is similar to the non-secure custody of a community corrections center, community treatment center or halfway house. See United States Sentencing Commission, Guidelines Manual, § 2P1.1(b)(3) (Nov. 1994).
 
 
 4
 Second, Dugan argues that the district court's failure to recognize its discretion to depart downward from the Guidelines in his case constitutes reversible error. Specifically, Dugan notes that the district court possessed the discretion to order that the sentence for his escape run concurrently with his 108-month sentence. Because the district court was unaware that it possessed this discretion when it sentenced him, Dugan argues that his case should be remanded for resentencing with instructions to the district court that it has the authority to depart downward from the Guidelines.
 
 II.
 
 5
 We review a district court's findings of fact underlying the application of a sentencing guideline for clear error. United States v. Smith, 39 F.3d 119, 122 (6th Cir.1994). We review de novo a district court's legal conclusions as to whether the facts warrant application of a particular guideline. Id.
 
 
 6
 A district court's decision not to depart from a guideline range is reviewable if the district court incorrectly believed that it did not have the discretion to depart from that range. United States v. Griffith, 17 F.3d 865, 882 (6th Cir.), cert. denied, 115 S.Ct. 149 (1994). However, if the party defending the sentence demonstrates that the district court would have imposed the same sentence absent its error in applying the Guidelines, then a remand is not required; however, the appellate court must conclude, "on the record as a whole, that the error was harmless, i.e., that the error did not affect the district court's selection of the sentence imposed." Williams v. United States, 503 U.S. 193, 202, 203 (1992).
 
 III.
 
 7
 Dugan first argues that he is entitled to a four-level reduction in his base offense level on the ground that he escaped from a non-secure facility covered by U.S.S.G. § 2P1.1(b)(3). Pursuant to U.S.S.G. § 2P1.1(b)(3), a sentencing court should reduce a defendant's base offense level by four levels if the defendant "escaped from the non-secure custody of a community corrections center, community treatment center, 'halfway house,' or similar facility...."
 
 
 8
 However, in United States v. McCullough, 53 F.3d 164, 165 (6th Cir.1995), this Court held that non-secure federal prison camps are not similar to community corrections centers, community treatment centers, or halfway houses. In fact, the prison camp at issue in McCullough was the Manchester, Kentucky camp from which Dugan escaped in the present case. See id. Thus, because Dugan did not escape from a facility similar to the community corrections centers, halfway houses and community treatment centers listed in U.S.S.G. § 2P1.1(b)(3), the district court did not err in denying him a four-level reduction in his base offense level.
 
 IV.
 
 9
 Dugan next argues that the district court failed to recognize its authority to depart downward from the Guidelines and that this failure constitutes reversible error. Specifically, Dugan notes that the district court erroneously believed it did not possess the discretion to order that the sentence for his escape run concurrently with his prior sentence. Accordingly, Dugan contends that his case must be remanded for resentencing so that the district court may exercise its discretion to impose either a concurrent or a consecutive sentence.
 
 
 10
 Although U.S.S.G. § 5G1.3(a) indicates that a sentencing court must impose a consecutive sentence on a defendant for committing a crime while serving an undischarged term of imprisonment, this Court has held that the sentencing court still retains the discretion to impose the sentence consecutively or concurrently. See United States v. Coleman, 15 F.3d 610, 611 (6th Cir.1994) (citing United States v. Stewart, 917 F.2d 970, 972 (6th Cir.1990)). If the district court is unaware of its discretion to depart from the Guidelines, its decision not to depart is reviewable on appeal. Griffith, 17 F.3d at 882. Unless the party supporting the sentence demonstrates that the district court would have imposed the same sentence even if it had known of its discretion to depart downward from the Guidelines, the defendant's case must be remanded to the district court for resentencing with instructions to the district court that it does have the authority to depart from the applicable guideline range. See Williams, 503 U.S. at 202, 203 (holding that a district court's misapplication of the Guidelines is not reversible error if the appellate court finds that the error did not affect the district court's selection of the sentence imposed); United States v. Khoury, 62 F.3d 1138, 1141 (9th Cir.1995) (where the district court was unaware of its discretion to depart downward from the Guidelines, "the appropriate remedy is a remand [to the district court] to exercise its discretion.").
 
 
 11
 In the present case, the district court apparently did not believe that it had the discretion to order that Dugan's sentence for his escape run concurrently with his prior sentence. However, even though the district court incorrectly believed that it lacked the discretion to order that Dugan's sentences run concurrently, the district court's misunderstanding did not affect its selection of a sentence and, thus, does not constitute reversible error. See Williams, 503 U.S. at 202, 203. Notably, the district court remarked at the sentencing hearing that, over time, Dugan's criminal behavior had been worsening and the seriousness of his convictions increasing. The district court also observed that although Dugan was "supposed to be learning from his past behavior ... [he still] walked away from the site of incarceration." Further, the district court expressed its concern that if it ordered Dugan's sentences to run concurrently, Dugan's sentence for his escape would neither punish nor deter his criminal behavior. Finally, in imposing Dugan's sentence, the district court stated, "Whether under the guidelines or under my discretion, if I have the discretion, I think it should be consecutive in this particular case." (emphasis added).
 
 
 12
 Thus, because the district court noted that Dugan's sentence should punish and deter his criminal behavior; observed that a concurrent sentence would not provide any such deterrence or punishment; and specifically stated that, if it did indeed possess the discretion, it chose to impose the sentences consecutively, the district court's failure to recognize its discretion to impose a concurrent sentence for the escape did not affect its selection of Dugan's sentence. The district court clearly would have imposed consecutive sentences even if it had been convinced of its authority to do otherwise. See Williams, 503 U.S. at 202, 203. Accordingly, we conclude, on the record as a whole, that the district court's failure to recognize its discretion to impose a concurrent sentence was harmless error. See id. at 202, 203.
 
 V.
 
 13
 For the reasons enumerated above, the decision of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Nancy G. Edmunds, United States District Judge for the Eastern District of Michigan, sitting by designation