**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Danny STONE, Jr., Defendant–**
**Appellant.**

**No. 00–5028.**

United States Court of Appeals,
Sixth Circuit.

July 3, 2001.

---

Before RYAN and BATCHELDER, Circuit Judges; MATIA, Chief District Judge.[*]

RYAN, Circuit Judge.

The defendant, Danny Stone, Jr., appeals from the judgment and sentence imposed following his trial for aiding and abetting the escape of a federal prisoner, in violation of 18 U.S.C. §§ 2, 752. He argues that the district court: (1) abused its discretion when admitting testimony of Stone's mother, Cathy Adams; and (2) erred in calculating his base offense level under the sentencing guidelines. We will affirm.

## I.

Stone's sister, Sheila Darlene Troxell, became an inmate at the Federal Medical Center Women's Prison Camp in Lexington, Kentucky, on March 5, 1999. On March 7, 1999, Stone allegedly rode with Jimmy McIntosh, Jr. to the prison camp and assisted Troxell with her escape. Troxell testified that McIntosh drove the car in which she escaped, but that Stone was not the other person in the car. McIntosh testified that Stone asked him to pick him up and rode with him to help his sister escape.

Cathy Adams, Triaxial's and Stone's mother, testified that Stone did not leave

the house with McIntosh on March 7, but the government impeached her testimony with her prior statement made to Deputy U.S. Marshal Calvin Whitis and Deputy Sheriff Wade Yonts, that Stone did leave the house on March 7 with McIntosh.

Triaxial pleaded guilty to escaping from a federal prison, and the government dismissed its charges against McIntosh for aiding and abetting the escape of a federal prisoner. Stone was convicted after a jury trial for aiding and abetting the escape of a federal prisoner in violation of 18 U.S.C. §§ 2, 752. Stone and Troxell were sentenced by the district court on the same day, but Troxell was assigned a base offense level of 9, and Stone, a base offense level of 13. Stone appeals the district court's admission of Adams's testimony and its decision to assign a higher base offense level in sentencing Stone than in sentencing Triaxial.

## II.

## A.

Stone first argues that the district court abused its discretion when it allowed Adams to testify, because she was called to the stand for the sole purpose of impeachment. Specifically, Stone contends that the prosecutor knew that if Adams testified, she would contradict her earlier statement that Stone left the house with McIntosh on the day of Troxell's escape, giving the government the opportunity to impeach her with her prior inconsistent statement.

■ We review the district court's decision to allow Adams to testify under an abuse of discretion standard. *See United States v. Bonds*, 12 F.3d 540, 554 (6th

---

[*] The Honorable Paul R. Matia, Chief United States District Judge for the Northern District of Ohio, sitting by designation.

Cir.1993). Under the Federal Rules of Evidence, any party may attack the credibility of a witness. *See* Fed.R.Evid. 607. Stone has not met his burden of showing that the prosecutor acted in "bad faith" when he called Adams to the stand. And thus, he has not shown that the prosecutor knew that Adams would contradict her previous statement on the stand. *See United States v. Yuill,* No. 90–3044, 1990 WL 130484, at *3 (6th Cir. Sept. 11, 1990) (unpublished disposition); *United States v. Bailey,* No. 85–4048, 1987 WL 44974, at *6 (6th Cir. Oct. 6, 1987) (unpublished disposition).

At a bench conference, the prosecutor stated that he "didn't interview [Adams], but [he had] no reason to say she wouldn't say exactly the same thing as any other witness would." Furthermore, the district court instructed the jury that Adams's prior statement was brought to the jurors' attention solely "to help [them] decide how believable the testimony was," and not for substantive purposes. It is clear to us that the district court did not abuse its discretion in allowing Adams to testify.

### B.

Stone next argues that because both he and his sister were convicted of participating in the same crime, the district court erred in applying two different base offense levels to their respective sentences. Stone was assigned a base offense level of 13 under the sentencing guidelines for escape from a secure federal facility. Troxell was assigned a base offense level of 9 for escape from a nonsecure federal facility. Although we are not entirely clear that Stone properly objected to the Presentence Investigation Report's base offense sentencing recommendation, we will review the district court's application of the sentencing guidelines as if he had properly objected to the report's recom-

mendation. Accordingly, we review the district court's factual determinations for clear error, but application of the guidelines *de novo. See United States v. Jones,* 159 F.3d 969, 980 (6th Cir.1998).

According to Stone, the difference in base offense levels violates one of the main objectives in the sentencing guidelines, which is to promote uniformity in sentencing. Additionally, Stone contends that the district court assigned the higher base offense level to his sentence as a "punishment" for proceeding to trial, thus violating his constitutional due process right to plead not guilty and go to trial.

Section 2P1.1(b)(3) of the Guidelines provides that a defendant's offense level may be decreased if he has escaped from a specified "non-secure" facility. U.S.S.G. § 2P1.1(b)(3). In *United States v. McCullough,* 53 F.3d 164, 165 (6th Cir.1995), this court held that nonsecure federal prison work camps, such as the women's prison camp where Troxell was an inmate, are not "similar" to "community corrections centers, community treatment centers or halfway houses" for purposes of U.S.S.G. § 2P1.1. The prosecutor explained that he asked for a reduction in Troxell's base offense level because the parties had agreed to the reduction, not because she was entitled to the reduction.

There is no evidence that the higher base offense level assigned to Stone was a form of "punishment" for his decision to go to trial. The district court did not err in utilizing two different base offense levels when sentencing Troxell and Stone.

### III.

The district court's judgment is AFFIRMED.