**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jon R. DENTON, Defendant–Appellant.**

**No. 01–5713.**

United States Court of Appeals,
Sixth Circuit.

June 24, 2002.

Before COLE and GILMAN, Circuit
Judges; MILLS, District Judge.*

*ORDER*

Jon R. Denton, a federal prisoner proceeding through counsel, appeals the sentence imposed following his conviction for escaping from federal custody in violation of 18 U.S.C. § 751(a). The parties have expressly waived oral argument, and upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Denton escaped in 1994 from the Federal Prison Camp in Manchester, Kentucky, where he was serving a 120 month prison sentence for possessing marijuana with the intent to distribute and using and carrying a firearm during and in relation to a drug trafficking crime. Federal officials located Denton in Costa Rica in 2000, and extradited him to the United States. In 2001, Denton pleaded guilty, pursuant to a writ-

ten plea agreement, to violating § 751(a) and was sentenced, over his numerous objections, to an additional 18 months in prison.

Denton has filed a timely appeal, arguing that because he had escaped from a non-secure facility, the district court erred by not reducing his offense level pursuant to USSG § 2P1.1(b)(3).

This court reviews a sentencing court's interpretation of the Sentencing Guidelines and sentencing statutes de novo, and its factual findings under the "clearly erroneous" standard. *United States v. Swiney*, 203 F.3d 397, 401 (6th Cir.), *cert. denied*, 530 U.S. 1238, 120 S.Ct. 2678, 147 L.Ed.2d 288 (2000).

Upon review, we conclude that the district court's judgment must be affirmed. Section 2P1.1(b)(3) provides in pertinent part: "If the defendant escaped from the non-secure custody of a community corrections center, community treatment center, 'halfway house,' or similar facility, ... decrease the offense under subsection (a)(1) by 4 levels ...." "Non-secure custody" is defined in Application Note 1 as:

[C]ustody with no significant physical restraint (e.g., where a defendant walked away from a work detail outside the security perimeter of an institution; where a defendant failed to return to any institution from a pass or unescorted furlough; or where a defendant escaped from an institution with no physical perimeter barrier).

No circuit to rule on the issue has found a federal prison camp to be similar to a community corrections center, community treatment center, or halfway house. *See, e.g., United States v. Stalbaum*, 63 F.3d 537, 540 (7th Cir.1995); *United States v.*

---

* The Honorable Richard Mills, United States District Judge for the Central District of Illi- nois, sitting by designation.

234

*Cisneros–Garcia,* 14 F.3d 41, 42 (10th Cir. 1994); *United States v. Hillstrom,* 988 F.2d 448 (3d Cir.1993) (remanded for consideration of whether a non-secure federal prison camp was similar to a community corrections center), *on remand,* 837 F.Supp. 1324 (M.D.Pa.1993) (facility found not to be similar), *aff'd without opinion,* 37 F.3d 1490 (3d Cir.1994); *United States v. Tapia,* 981 F.2d 1194, 1198 (11th Cir.1993); *United States v. Shaw,* 979 F.2d 41, 45 (5th Cir.1992); *United States v. McGann,* 960 F.2d 846, 847 (9th Cir.1992).
Moreover, this circuit has specifically found that a defendant who escapes from the Federal Prison Camp in Manchester, Kentucky, is not entitled to a reduction under USSG § 2P1.1(b)(3). *United States v. McCullough,* 53 F.3d 164, 165 (6th Cir.1995).

The defendant concedes that circuit precedent is against him, but nonetheless requests the court to reconsider its previous ruling. We decline. One panel of this court cannot overturn a published decision of another panel; only the court sitting en banc may do so. *United States v. Smith,* 73 F.3d 1414, 1418 (6th Cir.1996).

Accordingly, the district court's judgment is affirmed.