**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Angelo WOODS, Defendant–Appellant.**

No. 03–1292.

United States Court of Appeals,
Seventh Circuit.

Argued July 9, 2003.

Decided Aug. 5, 2003.

Before BAUER, COFFEY, and MANION, Circuit Judges.

ORDER

Angelo Woods was convicted after a jury trial of escaping from federal custody in violation of 18 U.S.C. § 751. At sentencing the district court denied Woods' request for downward adjustments to his offense level under U.S.S.G. §§ 2P1.1(b)(3) and 3E1.1 and imposed a sentence of 20 months' imprisonment. On appeal Woods argues that he was entitled to downward adjustments under both guidelines sections. We affirm.

After his conviction in 2001 for possession with intent to distribute cocaine, Woods was sent to the Federal Prison Camp in Terre Haute, Indiana, to serve a sentence of 108 months' imprisonment. In March 2002 Woods left the camp without authorization and fled to New York City. A month later Woods turned himself in to federal authorities in New York and was transported back to Indiana for trial. Woods pleaded not guilty, and his case proceeded to trial before a jury. In order

to establish the circumstances of Woods' escape and apprehension by authorities, the government presented testimony from prison camp personnel and the deputy marshal to whom Woods surrendered in New York. At the close of the government's case, Woods moved for judgment of acquittal, arguing that the evidence was insufficient to establish that Woods was actually in the custody of the Director of the Federal Bureau of Prisons as alleged in the indictment or that he had been confined "by direction of the Attorney General" as specified in § 751. The court denied Woods' motion, and the jury subsequently found him guilty.

At sentencing Woods argued that he should receive a four-level reduction in offense level under § 2P1.1(b)(3) because the prison camp he escaped from was a non-secure facility. He also argued that he should receive a two-level reduction in offense level for acceptance of responsibility under § 3E1.1 because he had turned himself in. Even though he had exercised his right to trial, Woods submitted, he had done so only to preserve issues unrelated to factual guilt and so should not be precluded from receiving the reduction. The court declined to reduce Woods' offense level under either guideline.

■ On appeal, Woods urges us to overrule *United States v. Stalbaum*, 63 F.3d 537, 540 (7th Cir.1995), in which we held– as have all the other circuit courts that have considered the issue– that a federal prison camp does not qualify as a nonsecure facility for the purposes of applying a downward adjustment in offense level under § 2P1.1(b)(3). *United States v. Ruiz*, 180 F.3d 675, 676 (5th Cir.1999); *United States v. McCullough*, 53 F.3d 164, 165 (6th Cir.1995); *United States v. Cisneros–Garcia*, 14 F.3d 41, 42 (10th Cir.1994); *United States v. Sarno*, 24 F.3d 618, 624 (4th Cir.1994); *United States v. Tapia*, 981

F.2d 1194, 1197–98 (11th Cir.1993); *United States v. McGann*, 960 F.2d 846, 847 (9th Cir.1992). But Woods has not offered a compelling reason to revisit our decision in *Staulbaum*, and we decline to do so. *See United States v. Walton*, 255 F.3d 437, 443 (7th Cir.2001).

■ Woods also argues that the district court should have granted him a reduction for acceptance of responsibility because he turned himself in and went to trial only to challenge the legal sufficiency of his indictment. We review a district court's determination that a defendant does not merit an acceptance-of-responsibility reduction for clear error. *United States v. Hendricks*, 319 F.3d 993, 1009 (7th Cir.2003), *petition for cert. filed*, No. 02–11129 (U.S. May 21, 2003). Exercising the right to trial does not absolutely preclude a reduction, *United States v. Hernandez*, 330 F.3d 964, 985 (7th Cir.2003), but, whether he proceeds to trial or not, the defendant bears the burden of showing that he is entitled to the reduction, U.S.S.G. § 3E1.1, comment. (n.3); *United States v. Booker*, 248 F.3d 683, 690 (7th Cir.2001).

Only in rare cases will a defendant who goes to trial merit a reduction in offense level for acceptance of responsibility. *Hernandez*, 330 F.3d at 985. The reduction is "not intended to apply to a defendant who puts the government to its burden of proof at trial" by contesting factual issues. U.S.S.G. § 3E1.1, comment. (n.2). But a defendant may still receive the reduction if he goes to trial to preserve legal issues, for instance, challenges to the constitutionality or applicability of a statute. *Id.; Hernandez*, 330 F.3d at 985.

Woods argues that he admitted factual guilt and went to trial only to preserve legal challenges to the sufficiency of his indictment. Woods acknowledged at trial that he escaped from the prison camp and fled to New York. But he contended that

the indictment was flawed because it specified that he had been in the custody of the Director of the Bureau of Prisons at the time of his escape, when he had actually been in the custody of the administrator of the prison camp in Terre Haute. Woods also argued that he was in custody at the direction of the district court, while § 751 requires that an offender be in custody at the direction of the Attorney General.

Woods went to trial in an attempt to show a variance between his indictment and the proof presented by the government. He was challenging not the constitutionality or the applicability of § 751, but the sufficiency of the evidence against him to establish the charges in the indictment. *See United States v. Curtis*, 37 F.3d 301, 309 (7th Cir.1994). Such a challenge necessarily involves the resolution of factual issues, and so it is not one of the rare exceptions to the general rule that a defendant who exercises his right to trial does not merit an acceptance-of-responsibility reduction. *Id.*

Even if Woods actually did raise a legal challenge to the indictment, he likely waived it because he did not raise it until the close of the government's case. Unless a defendant alleges jurisdictional defects or failure to state an offense, he must make any objections to the indictment by motion before trial. Fed.R.Crim.P. 12(b)(3)(B). That Woods did not move to dismiss his indictment before trial is a further indicator that even *he* did not view his present argument as legal rather than factual.

The judgment of the district court is AFFIRMED.