NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0190n.06

No. 13-5829

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
|  | ) | Mar 11, 2014 |
| Plaintiff-Appellee, | ) | DEBORAH S. HUNT, Clerk |
|  | ) | |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF KENTUCKY |
|  | ) | |
| TARELL SCOTT, | ) | |
|  | ) | |
| Defendant-Appellant. | ) | |
|  | ) | |

BEFORE: NORRIS, COLE, and GIBBONS, Circuit Judges.

PER CURIAM. Tarell Scott pleaded guilty to escaping from the satellite prison camp at the U.S. Penitentiary Big Sandy, in violation of 18 U.S.C. § 751(a). Scott requested a four-level reduction in his base offense level pursuant to United States Sentencing Guideline § 2P1.1(b)(3), which applies "[i]f the defendant escaped from the non-secure custody of a community corrections center, community treatment center, 'halfway house,' or similar facility." Relying on our holding in *United States v. McCullough*, 53 F.3d 164, 165 (6th Cir. 1995), that the four-level reduction "does not apply when sentencing escapees from non-secure federal prison work camps," the district court denied Scott's request. The district court sentenced Scott to twenty-one months' imprisonment to be served consecutively to the undischarged sentence that he was serving when he escaped.

In this timely appeal, Scott contends that the district court should have conducted an evidentiary hearing to determine whether the satellite prison camp at the U.S. Penitentiary Big

Sandy is sufficiently similar to a community corrections center, community treatment center, or halfway house to entitle him to the four-level reduction under U.S.S.G. § 2P1.1(b)(3). This circuit, along with other circuits that have ruled on the issue, has held "that non-secure federal prison work camps are not 'similar' to 'community corrections centers, community treatment centers or halfway houses.'" *McCullough*, 53 F.3d at 165; *see also United States v. Stalbaum*, 63 F.3d 537, 540 (7th Cir. 1995); *United States v. Tapia*, 981 F.2d 1194, 1197–98 (11th Cir. 1993); *United States v. Shaw*, 979 F.2d 41, 44–45 (5th Cir. 1992); *United States v. Brownlee*, 970 F.2d 764, 765 (10th Cir. 1992); *United States v. McGann*, 960 F.2d 846, 847 (9th Cir. 1992). Scott concedes that our precedent is against him and that, absent an inconsistent decision by the Supreme Court or an en banc decision overruling the prior opinion, we cannot overturn another panel's published decision. *See United States v. Smith*, 73 F.3d 1414, 1418 (6th Cir. 1996).

Accordingly, we affirm Scott's sentence.