NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0073n.06

Case No. 23-5687

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED

Feb 21, 2024

KELLY L. STEPHENS, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff - Appellee, | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT |
| v. | ) ) | COURT FOR THE WESTERN DISTRICT OF TENNESSEE |
| DESHUN RAY, | ) ) | |
| Defendant - Appellant. | ) ) | O P I N I O N |

Before: GRIFFIN, NALBANDIAN, and MATHIS, Circuit Judges.

**NALBANDIAN, Circuit Judge.** Deshun Ray escaped from a federal prison camp in Millington, Tennessee. After being recaptured, Ray pleaded guilty to one count of escape from federal custody. At sentencing, Ray sought a four-level reduction to his Sentencing-Guidelines range arguing that he had escaped from a "non-secure" facility under U.S.S.G. § 2P1.1(b)(3). He also objected to a search provision in his supervised-release conditions because it extended to electronic devices. The district court rejected both requests, sentencing Ray to 30 months of imprisonment and including the search provision as a supervised-release condition.

On appeal, Ray claims that the district court abused its discretion in rejecting both requests. But Ray's Guidelines claim is foreclosed by our precedent and the search condition is reasonable. So we AFFIRM.

**I.**

**A.**

On June 6, 2022, Deshun Ray escaped from the FCI Memphis Satellite Federal Prison Camp (SFPC Millington) in Millington, Tennessee.  At the time, Ray was serving a 180-month sentence for possessing a firearm as a felon.  Ray was eventually arrested at a traffic stop in Memphis, Tennessee, on December 2, 2022, where he gave the officers several incorrect names and was found in possession of around five grams each of cocaine and marijuana.

**B.**

On June 16, 2022, while still a fugitive, Ray was indicted on one count of escape from federal custody under 18 U.S.C. § 751(a). After his recapture, Ray pleaded guilty without a plea agreement.

Ray's Presentence Investigation Report (PSR) set his total offense level at 11.  Combined with a criminal history category of V, the Guidelines recommended an imprisonment range of 24 to 30 months.  The PSR also recommended a three-year term of supervised release with several special conditions.  One of these conditions would allow probation officers to search Ray's "person, property, house, residence, vehicle, papers, computers, . . . other electronic communications or data storage devices or media, or office." R.28-2, PSR Sent. Recommendation at 2–3, PageID 99–100.  But the condition authorized such searches "only when reasonable suspicion exists that [Ray] has violated a condition of his supervision and that the areas to be searched contain evidence of this violation." *Id.* at 3, PageID 100.

Ray submitted two objections to the PSR. First, Ray sought a four-level reduction under U.S.S.G. § 2P1.1(b)(3) contending that he escaped from a non-secure facility.[1] Granting this reduction would lower Ray's total offense level to 7, reducing his Guidelines imprisonment range to 12 to 18 months. Ray also challenged the search provision in his supervised-release conditions as overly broad.

At sentencing, Ray explained (and the district court rejected) both objections. First, Ray asked the court to consider whether SFPC Millington was a "non-secure" facility under § 2P1.1(b)(3). Ray acknowledged *United States v. McCullough*, which held that federal prison work camps (like SFPC Millington) do not qualify for the reduction. 53 F.3d 164, 165 (6th Cir. 1995). Still, Ray asked the court to "look underneath the hood" and follow "other circuits' case-by-case analysis of different facilities," even if "against precedence [sic]." R.34, Sent. Tr. at 10, PageID 127. But Ray did not explain how SFPC Millington would qualify for the reduction, even under his proposed test.

The district court rejected Ray's request for the reduction, following the Sixth Circuit's approach rather than other circuits'. The district court concluded that, even "look[ing] under the hood" as Ray requested, SFPC Millington did not qualify for the reduction because it was "nothing like a community release facility or anything like that." R.34, Sent. Tr. at 10, PageID 127. So the court adopted the PSR's offense level calculation and sentenced Ray to 30 months of imprisonment (at the top of his Guidelines range).

---

[1] U.S.S.G. § 2P1.1(b)(3) reduces the offense level for escaping federal imprisonment by four levels when "the defendant escaped from the non-secure custody of a community corrections center, community treatment center, 'halfway house,' or similar facility."

Turning to the terms of his supervised release, Ray objected to the search provision. Ray claimed that it was an "overextension" for the provision to cover cell phones and computers because he had no background of "high tech or child porn" offenses. *Id.* at 32, PageID 149.

But the court overruled this objection too. The court noted that, in its experience, "many of the defendants use Facebook," and the Internet more broadly, to share photographs "of themselves, many times with drugs, many times with money, [and] many times with firearms." *Id.* And the court highlighted Ray's past criminal behavior, including the "drugs [found] on him when he was arrested, the violent nature of the offenses that he's involved himself [in], [and] the lengthy sentence" he received for felon in possession, as well as his escape from custody. *Id.* at 35–36, PageID 152–53. So the court concluded that the search provision would enable the Probation Office to monitor Ray's compliance with "the law or any term of supervised release." *Id.* at 36, PageID 153.

Ray timely appealed.

## II.

"We review criminal sentences for procedural and substantive reasonableness under an abuse-of-discretion standard." *United States v. Sears*, 32 F.4th 569, 573 (6th Cir. 2022).

### A.

First, Ray claims the district court committed a procedural error by denying his request for the U.S.S.G § 2P1.1(b)(3) reduction. But the district court simply applied controlling precedent, so we reject his argument.

The district court properly recognized that it was bound by our precedent in *McCullough*, which held that "the four-level reduction under U.S.S.G. § 2P1.1(b)(3) does not apply when sentencing escapees from non-secure federal prison work camps." 53 F.3d at 165. Ray himself

conceded that *McCullough* was "controlling" and provided the district court with no explanation of why SFPC Millington was not a federal prison work camp. R.34, Sent. Tr. at 6, PageID 123.

Before us, Ray once again concedes that *McCullough* applies but claims the district court should have applied a "more nuanced two-part inquiry" that other circuits allegedly adopted to determine whether a particular federal prison work camp qualifies for the reduction. Appellant Br. at 12–16.

But the district court was bound to follow *McCullough*, the law in our Circuit, rather than the approach taken by other courts. *Cf. United States v. Brown*, 444 F.3d 519, 521 (6th Cir. 2006). We, too, are bound by *McCullough*. *See Salmi v. Sec'y of Health & Human Servs.*, 774 F.2d 685, 689 (6th Cir. 1985) (explaining that a published prior panel decision "remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or this Court sitting en banc overrules the prior decision"). So we conclude that the district court committed no procedural error.

**B.**

Next, Ray claims the search condition of his supervised release is substantively unreasonable.

Supervised-release conditions must be "reasonably related to," and "involve[] no greater deprivation of liberty than is reasonably necessary for" certain factors and purposes listed by 18 U.S.C. § 3553(a). 18 U.S.C. § 3583(d)(1)–(2). Conditions must also be "consistent with any pertinent policy statements issued by the Sentencing Commission." *Id.* § 3583(d)(3). On appeal, we will uphold any conditions "reasonably related to the dual goals of probation, the rehabilitation of the defendant and the protection of the public." *United States v. Brogdon*, 503 F.3d 555, 563 (6th Cir. 2007) (citation omitted).

Ray claims that the search condition is substantively unreasonable, primarily because it extends to computers and other electronic devices. First, Ray argues that the search provision's inclusion of "computers" is not reasonably related to any statutory goal because his "offense of conviction did not involve the use of a computer" or other electronic device. Appellant Br. at 18. Ray also claims that the search provision is "not reasonably necessary" because his electronic devices pose no threat to "probation officer safety" and bear "no nexus to [his] offense of conviction nor his criminal history." *Id.* at 21.

But we find neither argument persuasive. First, the search provision, and specifically its inclusion of computers and other electronic devices, is "reasonably related" to the goals of probation. *Brogdon*, 503 F.3d at 563; 18 U.S.C. § 3583(d)(1). In light of Ray's criminal record,[2] the provision is reasonably related to "protect[ing] the public from further crimes," 18 U.S.C. § 3553(a)(2)(C), since Ray's electronic devices post-release may contain evidence of drug dealing or other crimes. And the provision is reasonably related to Ray's rehabilitation because it can "afford adequate deterrence," 18 U.S.C. § 3553(a)(2)(B), by allowing probation officers to monitor and ensure Ray's compliance with the law and the conditions of his supervised release.

Second, we see no reason why the condition imposes a greater deprivation of liberty than is reasonably necessary. After all, the provision authorizes searches "only when reasonable suspicion exists that [Ray] has violated a condition of his supervision and that the areas to be searched contain evidence of this violation." R.30, Judgment, PageID 105. We find this condition reasonable, especially since we have upheld probation conditions allowing searches "in the

---

[2] Although Ray complains that the search provision is unrelated to his offense of conviction, the district court properly considered both his escape conviction and prior drug and firearm offenses. *See Brogdon*, 503 F.3d at 565 (district courts may impose supervised release conditions related to past convictions, even of offenses unrelated to the crime of conviction); *United States v. Wagner*, No. 22-1880, 2024 WL 328841, at *7 (6th Cir. Jan. 29, 2024).

*absence* of reasonable suspicion." *United States v. Tessier*, 814 F.3d 432, 433 (6th Cir. 2016) (emphasis added).

## III.

For these reasons, we AFFIRM.