[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-14827
Non-Argument Calendar

_____

D.C. Docket No. 0:15-cr-60103-JIC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LENORD WILLIAMS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 31, 2016)

Before TJOFLAT, HULL and MARTIN, Circuit Judges.

PER CURIAM:

In February 2007, Lenord Williams pled guilty in the Circuit Court for Broward County, Florida, to two felonies: carjacking with a firearm, Count One; aggravated fleeing and eluding, Count Two. He received "split sentences" for these offenses: concurrent prison terms of seventy-two months on the first count and sixty months on the second count, followed by a ten-year term of probation to begin on his release from prison. In connection with the probation, the Circuit Court issued an Order of Supervision subjecting Williams to several conditions, among them that he would "submit to a warrantless search to [his] person, residence and vehicle."

Williams was released from prison and began his term of probation in September 2010. On August 25, 2012, while he still was on probation, probation officers conducted an operation called a "Planned Compliance Initiative" check, or periodic sweep, of unrelated probationers in the Coral Springs, Florida area. Doc. 31-2. As part of that initiative, probation officers conducted a warrantless search of Williams's residence. "The search was . . . conducted under the auspices of the search condition of Mr. Williams's probation." *Id.* The search was not based on any particular evidence or reasonable suspicion that Williams had "committed a crime or violated a term of his probation." *Id.* "As per standard procedure, the probation officers contacted the [Coral Springs Police Department]

2

for officers to provide support and security during the search, and members of CSPD entered the residence with the probation officers." *Id.*

During the search, the probation officers discovered eight U.S. treasury checks in a nightstand.  They had been sent to eight different addresses.  When asked about the checks, Williams said that the "checks were something he had become involved in while he was in jail," and that someone had "cashe[d] the checks for him." *Id.*

Williams was thereafter indicted by a federal grand jury on eight counts of theft of government funds, in violation of 18 U.S.C. § 641.  He promptly moved the District Court to suppress the eight checks and the statements he made to the probation officers during the search on the ground that the search was conducted in violation of the Fourth Amendment; the probation officers lacked reasonable suspicion of criminal activity or the possession of contraband.

The District Court decided the motion on the facts contained in the parties' stipulation, Doc. 31-2, and denied it.  Williams then pled guilty to one count of the indictment, and the court sentenced him to prison for eighteen months and a two-year term of supervised release.

Williams appeals his conviction, arguing that because he was on probation for a previous conviction at the time, the search should have been based on a reasonable suspicion of wrongdoing or a reasonable suspicion that he had

3

contraband.  He contends that there is a lesser government interest in monitoring probationers than parolees, so there should be a different standard for searches of the two.

In reviewing the denial of a motion to suppress, we review the district court's findings of fact for clear error and its application of law to those facts *de novo*.  *United States v. Gibson*, 708 F.3d 1256, 1274 (11th Cir. 2013).  All facts are construed in the light most favorable to the prevailing party below, in this case, the government.  *Id.*

The Fourth Amendment guarantees: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause."  U.S. Const. amend. IV.  The Fourth Amendment's protection against unreasonable searches and seizures applies to probationers.  *Owens v. Kelley*, 681 F.2d 1362, 1367 (11th Cir. 1982).  Probationers, however, have a diminished expectation of privacy and are subject to limitations to which ordinary citizens are free, such as home visits by probation officers.  *Id.* at 1367–68.

We have not addressed the question of whether a probation condition so completely diminished a probationer's reasonable expectation of privacy that a search without reasonable suspicion would satisfy the reasonableness requirement of the Fourth Amendment in the criminal context.  We and the Supreme Court

have held that the Fourth Amendment is not violated when a probationer's home is searched based on only reasonable suspicion, absent consent and absent a warrant. *See, e.g.*, *United States v. Knights*, 534 U.S. 112, 114, 121–22, 122 S. Ct. 587, 589, 592–93, 151 L. Ed. 2d 497 (2001) (holding warrantless search of probationer's home by law enforcement officer for investigatory purposes was reasonable, when conditions of probation included a search term and search was supported by reasonable suspicion); *United States v. Yuknavich*, 419 F.3d 1302, 1310–11 (11th Cir. 2005) (holding search of probationer's computer by probation officers was reasonable, even in absence of a search provision, when conditions on probationer's computer use reduced his expectation of privacy in his computer); *United States v. Carter*, 566 F.3d 970, 973–75 (11th Cir. 2009) (per curiam) (holding warrantless search of probationer's home by probation officers based on reasonable suspicion was constitutionally permissible, when conditions of probation required probationer to submit to home visits, but not searches).

In *Knights*, the Court held that a warrantless search of the probationer's home by a law enforcement officer for investigatory purposes was permissible, even though it was supported by only a reasonable suspicion that criminal conduct was occurring, and not probable cause.  534 U.S at 121–22, 122 S. Ct. at 592–93. In making that determination, the Court expressly declined to consider "whether the probation condition so diminished . . . [the probationer's] reasonable

expectation of privacy . . . that a search by a law enforcement officer without any individualized suspicion would have satisfied the reasonableness requirement of the Fourth Amendment." *Id.* at 120 n.6, 122 S. Ct. at 592 n.6.

In *Owens*, where a facial challenge was brought under § 1983 to a condition of probation without an actual search, we concluded that "a probationer's Fourth Amendment right to be free from unreasonable searches and seizures [was] not violated by a condition of probation that permitted warrantless searches of his person and property by probation supervisors and law enforcement officers." 681 F.2d at 1368. We declined to impose the requirement of reasonable suspicion. *Id.*

As to parolees, the Supreme Court in *Samson v. California* upheld a denial of a motion to suppress the suspicionless search of a parolee's person when there was a provision of his sentence mandating that he submit to warrantless searches. 547 U.S. 843, 847, 126 S. Ct. 2193, 2196, 165 L. Ed. 2d 250 (2006). The Court noted that parolees have fewer expectations of privacy than probationers, because parole is more akin to imprisonment than probation is. *Id*. at 850, 126 S. Ct. at 2198.[1]

The Ninth Circuit in *United States v. King* held that the Fourth Amendment permits a suspicionless search of a probationer's residence, where the probationer

---

[1] It could be said that the ten-year term of probation in this case is the functional equivalent of a term of parole, since it began immediately following Williams' release from prison and was part of a sentencing package calling for imprisonment. We defer to a future case the question of whether, when used in the context here, "probation" is synonymous with "parole."

has accepted a suspicionless-search condition as part of a probation agreement, and the probationer is a violent felon. 736 F.3d 805, 806, 810 (9th Cir. 2013). Similarly, in *United States v. Tessier*, the Sixth Circuit held that a suspicionless search of a probationer's home pursuant to a search condition in his probation sentence did not violate the Fourth Amendment. 814 F.3d 432, 435 (6th Cir. 2016).

Because Williams is more like the probationers in the cases where a warrantless, suspicionless search has been held constitutional, and because the search of Williams's residence was conducted in main part by probation officers, we follow the Ninth and Sixth Circuits and affirm the denial of the motion to suppress, holding the search to be constitutional. *King*, 736 F.3d at 806, 810; *Tessier*, 814 F.3d at 435.

AFFIRMED.