RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 20a0370p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

───────────────

UNITED STATES OF AMERICA,

        *Plaintiff-Appellee*,

    *v.*

JODI LYNN BUDZYNSKI,

        *Defendant-Appellant*.

No. 20-1264

Appeal from the United States District Court
for the Western District of Michigan at Grand Rapids.
No. 1:19-cr-00102-1—Paul Lewis Maloney, District Judge.

Decided and Filed: November 25, 2020

Before: ROGERS, NALBANDIAN, and MURPHY, Circuit Judges.

───────────────

## COUNSEL

**ON BRIEF:** Scott Graham, SCOTT GRAHAM PLLC, Portage, Michigan, for Appellant. Justin M. Presant, UNITED STATES ATTORNEY'S OFFICE, Grand Rapids, Michigan, for Appellee.

───────────────

## OPINION

───────────────

ROGERS, Circuit Judge. Defendant Jodi Budzynski pleaded guilty to five counts related to fraudulently obtaining Social Security benefits. She was sentenced to two years of probation and ordered to pay restitution and a special assessment. Months after she was sentenced, the probation office discovered Budzynski withdrawing money at a casino and requested that her probation conditions be modified. The district court agreed and imposed new conditions

prohibiting Budzynski from gambling and requiring her to submit to searches when there is a reasonable suspicion that she violated a condition of her probation. Budzynski appeals these two newly imposed conditions. Because the provisions were directed at securing Budzynski's restitution payments and were not overly broad, the district court did not abuse its discretion in modifying Budzynski's probation conditions.

Budzynski's convictions included one count of supplemental security income fraud, three counts of making a false statement to the Social Security Administration, and one count of theft of public money. Between April 2012 and September 2018, Budzynski failed to report that she was living with her ex-husband, who had provided her with financial support, and she ultimately obtained a total of $48,306.11 in overpayments from the Social Security Administration and the Michigan Department of Health and Human Services. During that time, Budzynski also failed to report eleven separate casino winnings, which were dealt with separately from the charges at issue in this case. In November 2019, the district court sentenced her to two years' probation and ordered her to pay $48,306.11 restitution and a $500 special assessment. Budzynski was ordered to pay her restitution in monthly installments of $100.

Her probation officer reported the following facts: Shortly after Budzynski was sentenced, police investigated her for theft after she allegedly used her ex-husband's debit card to withdraw money. Budzynski claimed she acted on her ex-husband's request that she do so to pay some of his bills, and her ex-husband did not press charges. When questioned by the probation officer about this incident, Budzynski acknowledged that she may have withdrawn the money while at a casino. Months later, during a home visit, Budzynski also "admitted to frequently entering casinos in the area." In light of this admission, along with the fact that Budzynski had yet to make a full payment toward restitution in the three months since her probation began, the probation officer sought to modify Budzynski's probation by adding three new conditions: (1) that Budzynski not open any new credit accounts or loans without approval; (2) that Budzynski refrain from frequenting any gambling establishment or participating in any form of gambling; and (3) that Budzynski submit to a search of her person, property, and electronic communications by a probation officer if there is reasonable suspicion that she violated any of her other conditions of supervision. The Government supported the probation

office's petition, while Budzynski objected to the imposition of the gambling prohibition and search requirement only.

In March 2020, the district court held a hearing on the probation office's petition to modify Budzynski's probation conditions. At the hearing, Budzynski proposed alternative conditions she believed were less onerous, suggesting that instead of the gambling prohibition, she be subject to a requirement that she report any gambling winnings and pay more than the $100 monthly installments to correspond with any such winnings. There was a detailed colloquy about Budzynski's payment obligations and her previous inability to make the monthly payments, which was in part due to downward adjustments to her Social Security benefits. The probation officer also testified:

> My problem then came in after we were notified by the police of the investigation, was that she was frequenting the casinos. She admitted that she withdrew the money at a casino or at least part of the money at a casino. When I confronted her about changing her conditions, she was upset about the fact because she frequents them quite often.

The district court ultimately agreed with the probation office's recommendations and imposed the three proposed conditions, emphasizing that "the search condition is only operative when there is a reasonable suspicion that . . . a violation of supervised release has occurred." The district court also reduced Budzynski's monthly payments to $85. Budzynski appeals only the imposition of the gambling prohibition and the search provision.

The Government concedes that this court has subject-matter jurisdiction to hear this appeal under 28 U.S.C. § 1291, but contends that review is precluded by 18 U.S.C. § 3742, which limits the scope of our review of sentences (and modifications of sentences). The Government relies on the limited provisions for review of probation conditions contained in § 3742(a)(3), while in response, Budzynski relies on the applicability of the more general provision of § 3742(a)(1) for review of sentences imposed in violation of law. We need not resolve this nonjurisdictional § 3742 question, however, because the district court in any event clearly did not abuse its discretion in modifying the conditions of Budzynski's probation. *See* 18 U.S.C. § 3563(b), (c); *see also, e.g.*, *United States v. Nixon*, 839 F.3d 885, 887 (9th Cir. 2016) (per curiam); *United States v. Serrapio*, 754 F.3d 1312, 1318 (11th Cir. 2014).

First, the district court did not abuse its discretion when it modified Budzynski's probation to prohibit her from entering gambling establishments.  She had been convicted of supplemental security income fraud and theft of public money, to the tune of over $48,000. Instead of prison, she was sentenced to two years' probation and ordered to pay restitution.  She became late in her modest monthly payments, and then it turned out that she frequented gambling casinos.  Preventing her from gambling obviously serves to preserve her ability to meet the restitution obligation resulting from her fraud, and thus is clearly related to both the deterrence and rehabilitation goals of probation.  In imposing the no-gambling condition, the district court specifically indicated that Budzynski "should concentrate on marshalling the resources that she has to support herself with everyday expenses and to meet her obligations of restitution."

The no-gambling condition meets the statutory requirements for imposing discretionary conditions of probation.  Such conditions must be "reasonably related to the factors set forth in section 3553(a)(1) and (a)(2)" and "involve only such deprivations of liberty or property as are reasonably necessary for the purposes indicated in section 3553(a)(2)."  18 U.S.C. § 3563(b).

The no-gambling condition is reasonably related to the § 3553(a)(1) factors of the "nature and circumstances of the offense and the history and characteristics of the defendant."  Although, as Budzynski emphasizes on appeal, the crimes to which she pleaded guilty did not involve gambling, they directly caused a loss that she must repay.  Moreover, as taken into account by the district court, from 2012 to 2018, Budzynski failed to report gambling winnings eleven times. The investigation into her use of her husband's debit card was also related to her presence at a casino.  Her supplementary security income fraud was a part of an ongoing history of financial misdeeds that repeatedly involved gambling.  The gambling prohibition was thus sufficiently related to the nature and circumstances of the offense and her history and characteristics.

The no-gambling condition also takes into account the § 3553(a)(2) factors, including, as relevant here, the need to "promote respect for the law," to "provide just punishment," and to

"protect the public from further crimes."[1]  Budzynski defrauded the government (and, by extension, beneficiaries of social security funding) out of more than $48,000 and was ordered to pay that same amount in restitution.  The gambling prohibition limits the risk that Budzynski would expend funds that should otherwise go to the government, while ensuring that the government has an accurate accounting of her ability to pay.  The district court concluded that this condition was appropriate in light of the revelation that months into her sentence, Budzynski had yet to pay any of her restitution (although she made some minimal payments on the special assessment imposed).  The no-gambling condition reasonably relates to promoting respect for the law, providing just punishment, and deterring future crimes, and the court could easily have determined that any deprivation of liberty entailed during her two-year probation is reasonably necessary, as required by § 3563(b).

Budzynski relies on the Seventh Circuit's opinion in *United States v. Silvious*, 512 F.3d 364 (7th Cir. 2008), but that case is entirely distinguishable.  The Seventh Circuit held a gambling restriction was overbroad and unrelated to the offense at issue:  mail fraud.  *Id.* at 371.  But there was no evidence in that case that the defendant had a gambling problem.  Also, while the Seventh Circuit rejected as arbitrary the government's argument on appeal that a gambling prohibition would prevent the defendant from losing money that would otherwise go to restitution, the court so reasoned "absent any evidence that Silvious is a gambler."  *Id.*  In contrast, there is clear evidence that Budzynski was a gambler.  Most recently, Budzynski was found in a casino withdrawing money from her ex-husband's debit card.  This incident, taken together with Budzynski's previous failure to report eleven gambling winnings and the probation's officer testimony that Budzynski frequents casinos, shows that Budzynski is a gambler.  Also, unlike in *Silvious*, the prohibition here was grounded in the district court's explicit concern that Budzynski "would insist on continuing to go to casinos . . . or participat[ing] in any gambling whatsoever" even as she "owe[d] the government $48,000

---

[1]The district court did not explicitly invoke the relevant § 3553 factors as it modified Budzynski's sentence.  But Budzynski does not challenge this procedural requirement, and in any event, the court's omission would be harmless error where the reasons are apparent based on the record and the condition is related to the purposes of probation. *See United States v. Kingsley*, 241 F.3d 828, 836 (6th Cir. 2001).

because [she] ripped them off."  The Seventh Circuit also noted that preventing money loss was "the government's, not the district court's, explanation," but that is also not the case here.  *Id.*

Budzynski's further contention, that the court could have taken a narrower approach and simply required her to report any gambling winnings, is not persuasive.  Her argument here appears to be a challenge to the statutory requirement that the condition involves no greater deprivation of liberty than is reasonably necessary to serve the goals of deterrence, protecting the public, and rehabilitating the defendant.  § 3563(b).  As discussed, the district court was not so much concerned by the prospect that Budzynski would fail to report any winnings or direct additional payments to her restitution as it was troubled by the risk that Budzynski would lose money that might otherwise go toward her restitution payments.  Indeed, while the court acknowledged the entertainment value in gambling, it commented on how casinos and gambling establishments are uniquely "in the business of making money off of individuals who gamble," and emphasized that it was highly unlikely that Budzynski would "net" any money.  The court accordingly imposed a condition that would require Budzynski to "[marshal] the resources that she has to support herself with everyday expenses and to meet her obligations of restitution."  In doing so, the court did not broadly restrict Budzynski from using her money for recreational purposes.  Rather, it recognized that she was particularly susceptible to losing money to gambling and restricted her ability to engage in that activity, leaving Budzynski with ample other entertainment options.  This was well within the district court's discretion.

Budzynski's challenge to the search condition is also unavailing in light of Supreme Court and circuit precedent.  The Supreme Court has upheld warrantless searches of a probationer's home based on the special needs of a probation system.  *See Griffin v. Wisconsin*, 483 U.S. 868, 876 (1987).  Emphasizing the importance of a probation officer in this scheme, the Supreme Court explained:

> A warrant requirement would interfere to an appreciable degree with the probation system, setting up a magistrate rather than the probation officer as the judge of how close a supervision the probationer requires.  Moreover, the delay inherent in obtaining a warrant would make it more difficult for probation officials to respond quickly to evidence of misconduct and would reduce the deterrent effect that the possibility of expeditious searches would otherwise create.

*Id.* (internal citations omitted). Building on *Griffin*, the Court later held that a search condition need not be limited to searches intended to monitor whether the probationer is complying with probation restrictions. *United States v. Knights*, 534 U.S. 112, 118–20 (2001). The Supreme Court discussed the state's need to balance a probationer's privacy interests against the state's interests of protecting society from future criminal violations, particularly because "'the very assumption of the institution of probation' is that the probationer 'is more likely than the ordinary citizen to violate the law.'" *Id.* at 120 (quoting *Griffin*, 483 U.S. at 880). Using a totality-of-the-circumstances test, the Court upheld a search of a probationer where there was reasonable suspicion and the probationer was "unambiguously informed of [the search condition]." *Id.* at 118, 119. We have taken *Knights* even further and upheld a suspicionless search against a probationer under the Fourth Amendment totality-of-the-circumstances reasonableness test. *United States v. Tessier*, 814 F.3d 432, 433 (6th Cir. 2016)

Although Budzynski does not challenge the search condition under the Fourth Amendment, the above cases are still instructive. Here, the search condition requires Budzynski to submit to a search where there is reasonable suspicion that she is not complying with her probation. Budzynski argues that the condition is not related to her underlying offense, thus making it an abuse of the district court's discretion. But we are required to look not only to the underlying offense, but to the § 3553(a)(1) and (a)(2) factors more generally. 18 U.S.C. § 3563(b). This search condition is intended to assure that Budzynski would make her restitution payments and is reasonably related to the § 3553(a)(1) factors, which include Budzynski's history and characteristics. The district court expressed concern that it was unable to monitor Budzynski's financial situation, remarking that the previous unreported winnings did "not lend itself to trust by the [c]ourt." It further inquired into whether Budzynski had an account at the casinos that would allow the court to monitor any gambling, and was told she did not. As the Government represented, given Budzynski's history of using "other people's credit cards or financial documents," this condition would allow the probation officer to examine "financial transaction devices to make sure that she isn't using money that is not hers." The court's detailed explanation as to why the search condition was necessary distinguishes this case from *United States v. Farmer*, relied on by Budzynski, where the court gave no reason for why it imposed a broad search condition. 755 F.3d 849, 854 (7th Cir. 2014).

The search condition here is also directly related to the § 3553(a)(2) factors of promoting respect for the law, affording adequate deterrence to criminal conduct and protecting the public from further crimes, the very same interests emphasized in *Griffin* and *Knights*. Indeed, the search condition is in furtherance of the Sentencing Commission's stated policy interest and recommendation that where the court has imposed a restitution order, a defendant "provide the probation officer access to any requested financial information." U.S.S.G. § 5B1.3(d)(3) (U.S. Sent'g Comm'n 2018). The search provision, moreover, does not involve a greater deprivation of liberty than is reasonably necessary because it requires that there first be reasonable suspicion that Budzynski violated the terms of her probation. This further distinguishes *Farmer*, where the search condition at issue required "no suspicion, reasonable or otherwise, to trigger a search." 755 F.3d at 854. Budzynski offers no other argument in support of her challenge of the search condition.

Accordingly, neither the no-gambling condition nor the search condition was an abuse of discretion, and the modified sentence is affirmed.